**UNITED STATES of America, Appellee,**

v.

**Daniel Gene STEVENS, Appellant.**

Nos. 89-2736, 89-2737.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 14, 1990.

Decided Nov. 21, 1990.

Richard Murphy, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellant.

Thomas O'Flaherty, Cedar Rapids, Iowa, for appellee.

Before LAY, Chief Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

HEANEY, Senior Circuit Judge.

Daniel Gene Stevens appeals from his conviction of conspiracy to distribute and

possess marijuana with intent to distribute in violation of 21 U.S.C. § 846, and from concurrent sentences of 72 months imprisonment for the conspiracy conviction and 12 months imprisonment for possession of cocaine in violation of 21 U.S.C. § 844. We affirm.

## BACKGROUND

Stevens was indicted on one count of conspiracy to distribute approximately 150 pounds of marijuana. He pleaded not guilty and received a jury trial. The evidence at trial showed that in December 1987, Mike Britt, Stevens' friend and landlord, offered Stevens $300 to drive from Ottumwa, Iowa to Cedar Rapids, Iowa carrying $89,000 in cash, with which Britt hoped to purchase 150 pounds of marijuana. Stevens then was to deliver the marijuana either to Ottumwa or Des Moines.

In Cedar Rapids, Britt met with Joseph Newland to arrange the purchase. Newland had been arrested on cocaine charges in mid–1987 and was cooperating with federal drug agents pursuant to a plea agreement. Britt and Newland agreed to meet in a room Stevens had rented at the Red Roof Inn in Cedar Rapids to complete the marijuana transaction. Britt requested that Stevens leave the room while he was waiting for Newland to arrive with the marijuana. After Newland ascertained that Britt had $89,000 cash in the motel room, he gave a pre-arranged signal to waiting FBI agents, who entered the room and arrested Britt. Stevens was arrested in the motel parking lot where he was waiting in Britt's car. The arresting officers found small amounts of marijuana and cocaine in Stevens' possession.

Shortly before Stevens' trial on the conspiracy count commenced, the government filed a two-count information charging Stevens with misdemeanor possession of marijuana and cocaine. The district court denied the government's motion to consolidate trial on these charges with trial on the conspiracy count. Following his conviction on the conspiracy charge, Stevens entered into a plea agreement which provided that he would plead guilty to the cocaine possession charge and cooperate with government narcotics investigators.

The government agreed that no information which Stevens provided would be used to bring further criminal charges against him, although such information could be considered by the court or the probation office at any time. The agreement also stated that if Stevens violated any of its terms, any information he provided could be used against him. Stevens was to be sentenced for the marijuana conspiracy conviction and the misdemeanor cocaine possession at the same proceeding.

At Stevens' guilty plea hearing, he admitted he had breached the plea agreement by using drugs while the agreement was in effect. The plea agreement was revoked and the parties entered into a new agreement incorporating the terms of the original agreement and adding a stipulation that a factual basis existed for using 3,000 pounds of marijuana to determine Stevens' base offense level on the conspiracy conviction. Stevens informed the court that he understood and accepted the terms of the new agreement.

The district court fixed Stevens' base offense level for the conspiracy conviction at 32, with a sentencing range of 121 to 151 months. The government moved for a departure from this range under guideline section 5K1.1 because of Stevens' substantial assistance to authorities. The district court departed downward five levels to level 27, with a range of 70 to 87 months, and sentenced Stevens to 72 months imprisonment with two years of supervised release. The court sentenced Stevens to 12 months on the cocaine possession charge, to be served concurrently with the sentence for the conspiracy conviction. Stevens appeals.

## DISCUSSION

Stevens raises four issues on appeal. He claims that insufficient evidence supported the jury's verdict of guilty on the marijuana conspiracy count and that the district court improperly instructed the jury regarding the credibility of witness testimo-

ny. He also argues that the prosecutor's closing argument violated his right to a fair trial and that the prosecution's use at sentencing of information which Stevens had volunteered to the government violated guideline section 1B1.8.

## I. Sufficiency of the Evidence

■ In reviewing a jury conviction, we must consider the evidence in the light most favorable to the government and must uphold the verdict if a reasonable fact finder could have found guilt beyond a reasonable doubt. *United States v. Marin–Cifuentes,* 866 F.2d 988, 992 (8th Cir. 1989). To convict Stevens of conspiracy under 21 U.S.C. § 846, the government had to prove that Stevens and at least one other person entered into an agreement that had as its object a violation of the law. *Henderson v. United States,* 815 F.2d 1189, 1191 (8th Cir.1987).

The evidence at trial showed that Stevens agreed with Britt to transport Britt's cash to Cedar Rapids and to deliver the marijuana to be purchased there from Joseph Newland elsewhere in Iowa. Britt testified about the agreement and stated that Stevens brought the $89,000 to Cedar Rapids, Newland testified that Stevens directed him to Britt's motel room to carry out the transaction, and the assistant manager of the Red Roof Inn testified that Stevens rented the room in which the transaction was to take place. A reasonable jury could find from this evidence that Stevens had entered into an agreement with Britt to possess with intent to distribute marijuana. Accordingly, Stevens' insufficiency of the evidence claim is without merit.

## II. Jury Instructions

■ Stevens also contends that the district court inadequately instructed the jury by failing to include the following language in its instructions regarding the credibility of Britt's testimony: "You should, however, consider his/her testimony with greater caution and care than that of an ordinary witness." A district court has wide discretion in formulating appropriate jury instructions, and we evaluate the adequacy of the instructions by reviewing them as a whole. *United States v. McQuarry,* 726 F.2d 401, 402 (8th Cir. 1984).

The district court instructed the jury as follows regarding witness credibility:

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, and the extent to which their testimony is consistent with other evidence that you believe.

You have heard evidence that one of the government's witnesses has pleaded guilty to a crime which arose out of the same events for which the defendant is on trial here. That guilty plea cannot be considered by you as any evidence of the defendant's guilt. The witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon that witness's testimony.

Likewise, you have heard evidence that some of the witnesses have made plea agreements with the government. You may give the testimony of those witnesses such weight as you think it deserves. Whether or not their testimony may have been influenced by their plea agreements is for you alone to determine.

Jury Instruction Nos. 16, 17. We believe the district court's instructions adequately called to the jury's attention the factors which may have affected Britt's credibility. Consequently, we find no abuse of discretion in the omission of the instruction Stevens suggests should have been given.

### III. Prosecutor's Closing Argument

Stevens also claims that the prosecutor's closing argument included improper references to testimony that had been stricken from the record and other prejudicial remarks which deprived him of his right to a fair trial. The district court has broad discretion in controlling closing argument. *United States v. Nabors*, 761 F.2d 465, 470 (8th Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 123 (1985). We will not reverse absent a showing of abuse of that discretion. *United States v. Schepp*, 746 F.2d 406, 411 (8th Cir.1984), *cert. denied*, 469 U.S. 1215, 105 S.Ct. 1190, 84 L.Ed.2d 336 (1985).

On direct examination, Britt testified that Stevens brought $89,000 and a scale to Cedar Rapids in the trunk of his car. The following colloquy then occurred:

> Q. [by Assistant U.S. Attorney Teig] When we talked Sunday you didn't recall about the scale being brought to Cedar Rapids, is that right?
> A. That's right, I didn't. That sack could be mine, too.
> Q. All right. But my question is, how have you been able to recall since Sunday that you had the Defendant bring the scale to Cedar Rapids?
> A. I talked to Danny [Stevens] last night.
> Q. And what did he say?
> A. Well, I asked about the scale, and he says, "Well, you told me to bring it."

Transcript of Jury Trial at 94. Upon objection by defense counsel, the district court struck Britt's last two responses and the prosecutor's final question of the exchange from the record.

In closing argument, the prosecutor stated that Stevens brought "the scale that Mr. Britt asked the defendant to bring along, also in the trunk," and noted that Britt "said he had the Defendant bring the scale as well, and there it was in the Defendant's car." Transcript of Jury Trial at 191, 215. Neither of these comments refers to the material the district court ordered stricken from the record. Rather, they refer to Britt's testimony given immediately before the passage quoted above. That testimony was properly in evidence and thus was a permissible focus of the prosecutor's closing argument.

Stevens alleges that several other portions of the prosecutor's closing argument constituted misconduct rising to the level of reversible error. Having reviewed the entire argument, we find none of the remarks, individually or cumulatively, so offensive as to deprive Stevens of a fair trial. *See Schepp*, 746 F.2d at 412. Thus, the district court did not abuse its discretion in allowing them. Moreover, we note that the district court advised the jury at the beginning of the trial, before closing arguments, and in final instructions that the lawyers' statements, arguments, questions, and comments were not evidence, and that they must base their decision of the case solely on the evidence. Accordingly, Stevens' claim that the prosecutor's closing argument violated his right to a fair trial is without merit.

### IV. Sentencing

■ Stevens finally contends that the prosecution's disclosure of his admissions regarding marijuana transactions involving 3,000 pounds for use in the calculation of his base offense level violated section 1B1.8 of the sentencing guidelines.[1]

Under Stevens' plea agreement, the government agreed that no information which Stevens provided would be used to bring further *criminal charges* against him, but that such information could be considered by the court or the probation office at any time. The agreement also

---

1. Section 1B1.8 states in relevant part:
   (a) Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and the government agrees that self-incriminating information so provided will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.
   (b) The provisions of subsection (a) shall not be applied to restrict the use of information:

   .  .  .  .  .

   (3) in the event there is a breach of the cooperation agreement.
   U.S.S.G. § 1B1.8.

provided that if Stevens violated any of its terms, any information he provided could be used against him. Stevens acknowledged on the day of sentencing that he had breached the plea agreement by using drugs while the agreement was in effect. Stevens and the government then entered into a new agreement which incorporated a stipulation that a factual basis existed for inclusion of 3,000 pounds of marijuana in Stevens' base offense level.

Thus, rather than being sentenced on the basis of 150 pounds of marijuana, which would have given Stevens a base offense level of 22 with a sentencing range of 41 to 51 months, Stevens had a base offense level of 32 with a sentencing range of 121 to 151 months. Stevens claims that the government's insistence on basing his offense level on his voluntary admissions involving 3,000 pounds of marijuana constituted prosecutorial trickery which unfairly surprised him and violated his right to due process.

While Stevens' claim might have validity under other circumstances, it fails here. Stevens voluntarily stipulated that his sentence should be based on a conspiracy involving 3,000 pounds of marijuana. The district court carefully reviewed the circumstances and terms of the modified plea agreement, and Stevens clearly stated on the record that he understood and agreed to those terms.[2] Moreover, Stevens benefited from the plea agreement in that the government agreed to bring no further charges against him and to make a motion for a departure from the guidelines range under section 5K1.1 because of Stevens'

substantial assistance to authorities. The government in fact made such a motion and the district court departed downward five levels, resulting in a reduction in Stevens' sentence of at least 49 months.[3] Accordingly, we find that the sentence imposed violates neither section 1B1.8 nor Stevens' due process rights.

### CONCLUSION

We affirm the jury's verdict of guilty and the sentence imposed by the district court.

---

**2.** The district court questioned Stevens as follows:

> The Court: Mr. Stevens, is your understanding of the agreement under which you intend to operate today the same as what the attorneys tell me their understanding is?
> Defendant Stevens: Yes.
>
> .   .   .   .   .
>
> The Court: Does the defendant have any objection to the Court's adoption of the stipulation as to that level of offense?
> Mr. Nidey: No, sir.
> The Court: Mr. Stevens, you understand that the effect of that stipulation is that we start out at a Level 32 in the analysis of what the appropriate sentence is for you?

> Defendant Stevens: Yes.
> The Court: Is that agreeable with you?
> Defendant Stevens: Yes.
> Transcript of Plea and Sentencing at 30, 59.

**3.** It would have been helpful to this court had the full parameters of the modified plea agreement been placed in writing on the record before the district court. We are persuaded by oral argument and the sentencing transcript, however, that Stevens thoroughly understood the terms and conditions of the modified agreement and that the sentence imposed conformed to that agreement.