UNITED STATES of America, Plaintiff–Appellee,

v.

Carl BUTLER, Defendant–Appellant.

No. 94–3339.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1995.

Decided June 6, 1995.

Rehearing Denied July 17, 1995.

---

Mark R. Brown, Cedar Rapids, IA, argued for appellant.

Daniel Christopher Tvedt, Cedar Rapids, IA, argued (Patrick J. Reinert, on the brief), for appellee.

Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WILL, Senior District Judge.*

HANSEN, Circuit Judge.

A jury convicted Carl Butler of two counts of aggravated sexual abuse of a minor while in Indian country, in violation of 18 U.S.C. §§ 1153, 2241(c), 2245(2)(A) and (2)(B); and one count of engaging in sexual contact with a minor while in Indian country, in violation of 18 U.S.C. §§ 1153, 2241(c), 2244(a)(1), and

* The HONORABLE HUBERT L. WILL, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

2245(3). The evidence at trial established that during late 1990 and early 1991, Butler, his wife, and his daughter lived in the same home with M.W. (a five-year-old boy at the time) and M.W.'s family. On three separate occasions during that period of time, Butler sexually assaulted M.W.—once in the home where they both lived, once by the river near M.W.'s home, and once at M.W.'s grandparents' apartment. Each assault occurred within the Mesquakie Indian Settlement in Iowa. M.W. reported the abuse to his teacher, who initiated an investigation that led to Butler's indictment and conviction.

The district court[1] sentenced Butler to 264 months of imprisonment on the first two counts to run concurrently with 120 months of imprisonment on the third count. Butler appeals, challenging the government's use of leading questions with a child witness, the government's use of prior bad acts evidence, and the district court's decision to submit jury instruction number six (Instruction No. 6), which Butler contends bolstered the credibility of the child witness. We affirm.

## I. Leading Questions.

■ At the time of trial, M.W. was nine years old (he was five years old at the time of the alleged assaults). During the direct examination of M.W., and after M.W. had described a particular sexual assault, the prosecutor asked, "do you remember any lotion or anything like that around this time period?" (Trial Tr. at 70.) The district court overruled Butler's timely objection to this leading question and allowed M.W. to answer. M.W. then recalled and described some lotion in a plastic tube and how Butler had used it as a lubricant for anal intercourse.

Butler contends that the district court erred by allowing the government to lead the child witness with this question, arguing that the witness was not reluctant to testify but that the government was merely attempting to "shape" the witness's testimony, citing *United States v. Demarrias*, 876 F.2d 674, 678 (8th Cir.1989) (leading question allowed

where young witness was reluctant to testify).

■ Leading questions are generally prohibited during direct examination, "except as necessary to develop the witness' testimony." Fed.R.Evid. 611(c). The child witness is a long-recognized exception to this rule. *United States v. Nabors*, 762 F.2d 642, 650 (8th Cir.1985) (citing Fed.R.Evid. 611(c) advisory committee's notes). "The use of leading questions is a matter left to the discretion of the district court." *United States v. Schepp*, 746 F.2d 406, 410 (8th Cir.1984), *cert. denied*, 469 U.S. 1215, 105 S.Ct. 1190, 84 L.Ed.2d 336 (1985).

The record in this case discloses that the government was soliciting very sensitive testimony from a child witness. Only one leading question is challenged on appeal. The question at issue followed the child's testimony of an incident of sexual abuse and sought to elicit further detail, which the child then provided himself. The record does not indicate that the government engaged in a pattern of leading questions attempting to "shape" the witness's testimony. *See id.* (finding it significant that "[t]he record does not reveal a pattern of leading questions"). We find no abuse of discretion.

## II. Prior Bad Acts.

■ Butler contends that the district court erred by allowing the government to introduce evidence of prior bad acts that occurred in Oklahoma. The evidence, admitted through M.W.'s testimony and corroborated by his mother, revealed that Butler had engaged in uncharged sexual contact with M.W. while M.W. was visiting Butler's home in Oklahoma prior to the incidents charged in this indictment. The district court admitted the prior bad act as evidence of identity and intent under Federal Rule of Evidence 404(b), and gave the jury a cautionary instruction regarding the limited use of this evidence. (Trial Tr. at 119–20.)

■ Evidence of prior bad acts is not admissible to prove character by showing that

---

1. The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

the person acted in conformity therewith but may be admissible for other purposes, such as proof of motive, opportunity, intent, or identity. Fed.R.Evid. 404(b). *See United States v. Adediran,* 26 F.3d 61, 63 (8th Cir. 1994).

> In order for the trial court to admit evidence under Rule 404(b), the evidence must satisfy the following conditions:
> 1. The evidence of the bad act or other crime is relevant to a material issue raised at trial;
> 2. The bad act or crime is similar in kind and reasonably close in time to the crime charged;
> 3. There is sufficient evidence to support a finding by the jury that the defendant committed the other act or crime; and
> 4. The potential prejudice of the evidence does not substantially outweigh its probative value.

*United States v. DeAngelo,* 13 F.3d 1228, 1231 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2717, 129 L.Ed.2d 842 (1994). Rule 404(b) is a rule of inclusion, and the district court has broad discretion to admit Rule 404(b) evidence. *United States v. Yellow,* 18 F.3d 1438, 1441 (8th Cir.1994). The district court does not abuse that discretion unless the evidence clearly had no bearing on any issue involved. *DeAngelo,* 13 F.3d at 1232.

First, the evidence that Butler had sexually assaulted M.W. in Oklahoma was relevant to material issues at trial, namely intent and identity. Intent is not an element of 18 U.S.C. § 2241(c), which is the crime of aggravated sexual abuse of a child under the age of 12. *See United States v. Ransom,* 942 F.2d 775, 776–77 (10th Cir.1991) (statutory rape is a long-recognized exception to the general requirement of criminal intent), *cert. denied,* 502 U.S. 1042, 112 S.Ct. 897, 116 L.Ed.2d 799 (1992). However, intent is an element of 18 U.S.C. § 2245(3), which requires proof of "an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2245(3). *See United States v. Hadley,* 918 F.2d 848, 851 (9th Cir.1990), *cert. granted,* 503 U.S. 905, 112 S.Ct. 1261, 117 L.Ed.2d 491, *and cert. dismissed as improvidently granted,* —— U.S. ——, 113 S.Ct. 486, 121 L.Ed.2d 324 (1992). Furthermore, evidence of the Oklahoma incident was relevant to establishing Butler's identity. Butler denied abusing M.W. and denied ever being in a room alone with M.W. "Rule 404(b) evidence may be admitted to prove identity, and evidence that a defendant committed prior sexual assaults against the victim is relevant in identifying defendant as the person who committed the assault charged in the indictment." *Yellow,* 18 F.3d at 1441.

Second, the sexual assault in Oklahoma described by M.W. was the same type of conduct that Butler was charged with in this indictment (contact between the penis and the anus). Also, the Oklahoma incident occurred in late summer of 1990, reasonably close in time to the incidents charged in this case, which occurred in late 1990 and early 1991. Thus, the evidence was similar in kind and reasonably close in time to the crimes charged.

Third, the district court found that the Oklahoma incident was established by a preponderance of the evidence, and we agree that there was sufficient evidence to support a finding by the jury that the defendant committed the prior assault.

Finally, although the evidence is prejudicial, it does not amount to unfair prejudice. Federal Rule of Evidence 403 "is concerned only with 'unfair prejudice,' that is, 'an undue tendency to suggest decision on an improper basis.'" *Yellow,* 18 F.3d at 1442 (quoting Fed.R.Evid. 403 advisory committee's notes). The potential prejudice of the evidence in this case does not substantially outweigh its probative value. The government had the burden of proving intent as a specific element of one count and also had the burden to prove identity in order to avoid a judgment of acquittal. Because the evidence was so similar to the acts charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case. *See id.* Further, if believed, the evidence of the Oklahoma incident substantially undermined Butler's complete denial of contact with M.W., and the district court was very careful to caution the jury not to use the evidence as proof of the acts charged in this indictment.

For these reasons, we conclude that the district court did not abuse its discretion by admitting the Rule 404(b) evidence in this case.

### III. Jury Instruction No. 6.

In jury instruction No. 6, the district court advised the jury that its duty includes the responsibility of determining which witnesses are credible and to what extent their testimony can be believed. Instruction No. 6 provided as follows:

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

As with other witnesses, you are the sole judge of the credibility of a child who testifies. You may consider not only the child's age, but the demeanor on the stand, the capacity to observe facts and to recollect them, the ability to understand questions put to the child and to answer them intelligently, whether the child impresses you as having an accurate memory and recollection, whether the child impresses you as a truth-telling individual, and any other facts and circumstances which impress you as significant in determining the credibility of the child. You may give the child's testimony such weight, if any, as you feel it deserves.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Finally, you should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

(Gov't's Addend. at 1–2.)

■ Butler asserts prejudice from this instruction, arguing that it in essence sent a message to the jury that a child may hear and see things differently yet still be credible, thereby bolstering the credibility of the child witness in this case. Butler contends that the instruction gives the jury the impression that a child witness is excused from exercising careful memory as to detail. Butler notes that the Eighth Circuit Model Instruction does not include the third paragraph of Instruction No. 6.

The district court found that Instruction No. 6 merely "gives some guidance and direction to the jury on how to assess the credibility of a child, as well as any other witness. It still leaves up to the jury the ultimate decision as to how much weight, if any, to give to that testimony ... and does not unduly highlight any particular item of testimony." (Trial Tr. at 222.) We agree with the assessment of the district court.

■ "A district court has wide discretion in formulating appropriate jury instructions, and we evaluate the adequacy of the instructions by reviewing them as a whole." *United States v. Stevens,* 918 F.2d 1383, 1385 (8th Cir.1990). The Eighth Circuit Model Instructions are not an exhaustive list of mandatory instructions for district courts from which no deviation may occur, "but are merely helpful suggestions." *United States v. Norton,* 846 F.2d 521, 525 (8th Cir.1988). Thus, the fact that the model instruction does not contain the paragraph about the child witness does not indicate that the instruction was inappropriate.

We conclude that the instruction as a whole "properly instructed the jury that their role was to judge the credibility of the witnesses and to gauge the weight that should be given to a particular witness' testimony." *United States v. Payne,* 940 F.2d 286, 292 (8th Cir.), *cert. denied,* 502 U.S. 994,

112 S.Ct. 616, 116 L.Ed.2d 638 (1991) and 503 U.S. 972 (1992). The district court did not highlight or bolster the credibility of the child witness. The instruction merely advised the jury that a child's testimony should be weighed by using the same or similar factors used in determining the credibility of any other witness. We find no abuse of discretion.

We grant Butler's motion for leave to file a supplemental brief. Having carefully reviewed the arguments presented in his pro se brief, we conclude that the evidence was sufficient to sustain Butler's conviction and that the district court made no prejudicial comments. Accordingly, we affirm the judgment of the district court.