**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No.  97-2831

_____

United States of America,    *
                             *
     Plaintiff - Appellee     *
                             *
v.                           * Appeal from the United
                             * States District Court for
John M . Eagle,              * the District of South
                             * Dakota.
     Appellant               *
                             *


_____

Submitted: December 9, 1997
Filed: February 18, 1998
_____

Before McMILLIAN, MAGILL, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.

John M. Eagle appeals his conviction for aggravated sexual abuse of a child in violation of 18 U.S.C. § 2241(c) and § 1153.  He argues that there was insufficient evidence to support the jury's verdict and also that he should be entitled to a new trial because of the improper admission of hearsay statements and of a prior conviction for a sexual offense involving a minor and the exclusion of certain favorable evidence.  We affirm.

1

The charge in the indictment alleged that Eagle sexually abused K.W., an 8 year old Indian girl during the summer or fall of 1996. The evidence at trial showed that Eagle was living in Peever, South Dakota with his common law wife Sherrie Bretzke when her niece K.W. came to live in the household in 1994. Some time towards the end of October or early November in 1996, Mary Christopherson who was K.W.'s teacher observed that the girl had become withdrawn and her performance in school had begun to slip. Christopherson attempted to get K.W. to talk about what was bothering her, but she was unsuccessful until one day K.W. was missing from the school bus she regularly took home. When Christopherson learned K.W. had gone to her grandmother's home instead, she asked why and the girl responded that her uncle (Eagle) was mean to her. Christopherson then recommended that K.W. receive counseling.

K.W. met with Linda Crawford, a social worker who specializes in child abuse, physical abuse, and neglect matters. Crawford testified that during an interview K.W. said that her uncle had touched her. Dr. Patrick James Duey, a pediatrician, than examined K.W. and found that she had physical features which could be attributed to contact or trauma to the vaginal and anal regions, including a scar which he testified was caused by an external source. Dr. Duey testified that the medical evidence was consistent with K.W.'s allegations of sexual abuse.

K.W. testified at trial and was subject to cross examination by Eagle. She told about incidents where he instructed her to come into Bretzke's bedroom and lie

2

down on the bed with him.  He touched her "ch'na"[1] with his finger several times and attempted to take off her clothes.  She also testified that while they were on the bed he laid his stomach across her "ch'na."  She stated that she did not like being touched there and that it made her feel weird.  K.W. circled the vaginal area on an anatomically correct picture of a naked girl when asked to mark the area where Eagle had touched

---

[1]Linda Crawford testified at trial that "ch'na" is a Lakota word meaning vagina.

her. She also identified the genital area on a picture of a man when asked what part of Eagle's body she saw, and she said that part was "big" when the touchings occurred. K.W. said that Eagle told her not to tell anyone about what happened.

K.W. gave a physical description of Eagle and referred to him by name during her testimony, but she did not point him out when asked to identify him in the courtroom. She acknowledged on redirect examination that she was afraid of seeing "John" and that she was afraid to say whether she saw him in court. She also testified that she feared Eagle would do the same thing to her again. The district court[2] made a finding in its denial of Eagle's Rule 29(b) and 33 motions that K.W. exhibited an obvious fear of the defendant while she was testifying.

The jury heard Gilbert Kohl, a criminal investigator for the Bureau of Indian Affairs, testify that Eagle had pleaded guilty in May of 1987 to a federal crime of "carnal knowledge," or "engaging in sex with a child under sixteen." 18 U.S.C. § 2032 (repealed 1986). The victim of that crime was K.W.'s aunt, Sherrie Bretzke, who was 14 years old in 1987 while Eagle was then 40.

The jury convicted Eagle of aggravated sexual abuse of K.W., and the court sentenced him to 182 months imprisonment. Eagle claims on appeal that the court erred in denying his motions for a judgment of acquittal

---

[2]The Honorable Charles B. Kornman, United States District Judge for the District of South Dakota.

based on sufficiency of the evidence and for a new trial. Fed. R. Crim. P. 29(b) and 33.  He argues the court erred in refusing to allow D.E., the cousin of K.W., to testify that she knew about activities engaged in by K.W. and her sister that could have caused the physical conditions observed by Dr. Duey.  This evidence was excluded by the trial court because of Eagle's failure to comply with the notice requirements of Fed. R. Evid. 412(c).  Eagle also claims that the court erred by admitting hearsay statements by Linda Crawford and

Katie Boley from their interviews with K.W. as well as evidence that he had been convicted in 1987 of a sex crime involving a minor.

Eagle claims that the district court erred in denying his motion for dismissal because of insufficiency of the evidence. Fed. R. Crim. P. 29. A violation of 18 U.S.C. § 2241(c) is established when an individual "knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . or attempts to do so . . . ." 18 U.S.C. 2246(2) defines "sexual act," in pertinent part, for the purposes of §2241 as:

> (A) the penetration, however slight, of the anal or genital opening of another by hand or finger or by any object, with an intent to abuse, humiliate harass, degrade or arouse or gratify the sexual desire of any person; or
>
> (B) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Eagle claims that the evidence at trial was insufficient to convict because K.W.'s testimony did not establish that a "sexual act" within the meaning of the statute was committed against her and she did not adequately identify him as the perpetrator of the abuse. When reviewing the denial of a motion to overturn the verdict based on sufficiency of the evidence, the court "views the evidence in the light most favorable to the government, . . . and accept[s] all reasonable inferences drawn from the evidence that support the jury's verdict."

6

United States v. Scott, 64 F.3d 377, 380 (8th Cir. 1995) (citing United States v. Erdman, 953 F.2d 387, 389 (8th Cir. 1992). The verdict is upheld if supported by substantial evidence "irrespective of any countervailing testimony that may have been introduced." United States v. Lincoln, 630 F.2d 1313, 1316-17 (8th Cir. 1980); see United States v. Snelling, 862 F.2d 150, 153 (8th Cir. 1988).

The evidence at trial supports a finding that K.W. was the victim of a "sexual act" under the statutory definition. Dr. Duey testified that K.W. had injuries that were consistent with sexual abuse, and there was evidence that these injuries were not present before she moved in with her aunt. K.W. herself testified that Eagle told her to come into the bedroom where she found him naked. He then started to remove her clothes and touched her on her "ch'na." She said that Eagle was "big" when this happened and that it hurt. K.W. circled the female genital area to point out where she had been touched, and the male genital area to point out what part of the defendant she saw. This was sufficient to establish that she was the victim of a "sexual act" which the statute defines as intentional touching of the unclothed genitalia. 18 U.S.C. § 2246(2)(D). See United States v. St. John, 851 F.2d 1096, 1099 (8th Cir. 1988) (conviction for incest by sexual intercourse under 18 U.S.C. § 1153 upheld after ten year old victim testified to "the bad touch," "hump[ing]," and "secret" acts, and marked an anatomically correct diagram; victim's courtroom confusion and unresponsiveness was attributable to the intimidating courtroom environment). Cf. United States v. Plenty Arrows, 946 F.2d 62, 65 (8th Cir. 1991) (victim's testimony did not have the degree of specificity to establish penetration, as the statute then required).

There was also substantial evidence to establish that Eagle was the abuser of K.W. There was testimony from one specialist in interviewing child victims of sexual abuse that K.W. had identified Eagle as the perpetrator. While K.W. did not point out Eagle at trial, she

8

testified that "John" was the perpetrator and that he touched her vagina with his finger, and Linda Crawford testified that K.W. had told her that her uncle was the person who had touched her.  K.W. also described Eagle in some detail from the stand, and in denying the post trial motion the district court noted that she exhibited an "obvious fear of the defendant during her testimony".  The trial court and the jury had an opportunity to evaluate K.W.'s demeanor and credibility, and based on the strength of the evidence against Eagle, the court did not err by denying the motion for acquittal based on sufficiency of the evidence.  See St. John, 851 F.2d at 1099.

Eagle argues alternatively that the district court abused its discretion in denying his motion for a new trial in the interest of justice.  Fed. R. Crim. P. 33; see United States v. Hiveley, 61 F.3d 1358, 1361 (8th Cir. 1995).  The court should "balance the alleged errors against the record as a whole and evaluate the fairness of the trial" to determine whether a new trial is appropriate.  United States v. McBride, 862 F.2d 1316, 1319 (8th Cir. 1988).  The district court properly reviewed the evidence and considered the fairness of the trial, and did not abuse its discretion in denying Eagle's Rule 33 motion.

Eagle contends that the district court erred by excluding the testimony of K.W.'s cousin who said she had seen K.W. and her sister digitally penetrate each another.  Eagle argues that this evidence was essential to his defense because it shows an alternative source for injuries to K.W.  The rules of evidence for a criminal case involving sexual misconduct require advance notice before sexual information about the alleged victim can be offered.  Under Rule 412 evidence of "specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of . . . injury or other physical evidence" is admissible, provided that the offering party complies with the procedures set out in the rule.  Fed. R. Evid. 412(b)(1)(A) and 412(c).  A party seeking to offer such evidence must:

> (A) file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause

10

requires a different time for filing or permits filing during trial; and

(B) serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative.

Fed. R. Evid. 412(c)(1).

Eagle filed his Rule 412 motion only six days before trial and failed either to

notify K.W. of his intent to use the evidence at trial or to seek assistance from the government or the court in order to provide notice.  The district court denied the motion before trial, but offered to review any further filings if Eagle attempted to comply with the rule.  It also gave him an opportunity to show cause why he should have been excused from filing a timely motion.  The government offered to serve notice of the evidence on K.W., and the court left open the possibility of an in camera hearing under the rule.  Eagle nevertheless made no further attempt to show why he should be able to introduce the evidence or to move for a continuance so he could comply with the rule.

Eagle now contends that he had good cause for his failure to comply with the notice requirements because he had not become aware of the evidence until the week before he filed his motion and it would have taken him several more days to develop the testimony because the declarant is a minor and difficult to contact.  He further argues that the court should have deemed K.W. notified by his notice to the prosecutor who he claims represents her interests and that he was unaware of her whereabouts.

The record reveals that Eagle filed his motion well beyond the rule's 14 day deadline, and the failure to comply with the time limits would be sufficient grounds to uphold the district court's decision.  See  United States v. Rouse, 111 F.3d 561, 569 (8th Cir. 1997); United States v. Eagle Thunder, 893 F.2d 950, 954 (8th Cir. 1990); United States v. Provost, 875 F.2d 172, 177 (8th Cir. 1989).  Eagle's contention that compliance with

12

the rule was impossible because of his late discovery of the evidence is undercut by the fact that the information was contained in materials disclosed to Eagle almost five weeks before his motion and by the court's finding that Bretzke disclosed the information to a criminal investigator two months prior to that. The district court did not abuse its discretion in concluding that Eagle's failure to act on the information did not excuse his non-compliance with the deadlines in Rule 412(c). Moreover, the court gave him additional opportunity to try to introduce the evidence, and he failed to take advantage of it. He has not shown that the court erred in

excluding the evidence or that it violated his constitutional rights.  See Eagle Thunder, 893 F.2d 950, 954 (8th Cir. 1990); Rouse, 111 F.3d at 569.

Eagle also argues that the court erred by allowing Linda Crawford and Katie Boley to testify under Fed. R. Evid. 803(24) to hearsay statements made by K.W. during interviews.  Such evidence was admissible under the circumstances in this case, see St. John, 851 F.2d at 1097-98, if the government complied with the procedural requirements of Rule 803(24).  Eagle argues that it did not because it did not notify him about the particulars of the hearsay statements, including the name and address of the declarants.  See Fed. R. Evid. 803(24).  Because Eagle failed to object at trial to the content of the notice, he has waived review of its sufficiency except for plain error and there was none here.  United States v. Belfany, 965 F.2d 575, 579 (8th Cir. 1992).

The government's Rule 803(24) notice indicated its intent to offer "the substance of statements made by the victim during the respective witnesses' interviews with [the victim]."  It claims that the written statements it provided to Eagle in discovery contain the substance of K.W.'s statements and that the notice adequately pointed him to those materials.  The notice was served on the defendant one month before trial, and the defense had ample opportunity to request more information from the government or to move for more detailed notice.  Even though the government notice was "admittedly slim on the particulars" and it would have been preferable to have given more detailed information concerning the statements, it was not plain error for the district court

14

to find the government's notice sufficient.

Eagle protests the introduction of evidence of his prior conviction for the federal crime of carnal knowledge, which involves sexual abuse of a minor. The district court ruled the evidence admissible under Fed. R. Evid. 413 and 414,[3] and determined that

---

[3]The record indicates that the victim of Eagle's earlier offense was 14 when the conduct occurred. Rule 414 defines "child" as someone below the age of fourteen, but neither party has discussed the applicability of the rule in terms of the victim's age.

its probative value did not substantially outweigh any unfair prejudice to Eagle. Fed. R. Evid. 403(b). Eagle argues this was an abuse of discretion because the probative value was outweighed by the danger the jury would draw an improper inference that he had a propensity to commit sex crimes against minors. He also says the conviction's probative value was minimal because the crime had occurred 10 years before and involved sex with the individual now his common law wife.

When a defendant is accused of an offense of sexual assault, Rule 414 provides that evidence of prior child molestation crimes is admissible and Rule 413 permits evidence of prior sexual assaults. Under both rules the court must conduct a Rule 403 balancing test prior to admitting the evidence. See United States v. Enjady, 96-2285, 1998 WL 17344, *4 (10th Cir. Jan. 20, 1998) (Rule 413); United States v. LeCompte, 97-1820, 1997 WL 781217 *3 (8th Cir. December 22, 1997) (Rule 414); United States v. Sumner, 119 F.3d 658 (8th Cir. 1997) (Rule 414); see also United States v. Larson, 112 F.3d 600, 604 (2d Cir. 1997). The district court conducted a balancing test when the testimony was offered, and its decision to admit the conviction was not an abuse of discretion. Cf. Sumner, 119 F.3d at 661-62 (failure to conduct Rule 403 balancing). Sherrie Bretzke testified at trial on Eagle's behalf, explaining that she is now his common law wife, and this gave the jury the opportunity to discount prejudice the information might otherwise have caused. Moreover, Rule 414 allows evidence of such a crime "for its bearing on any matter to which it is relevant." Fed. R. Evid. 414; see LeCompte, 1997 WL 781217 at *3. Lastly, Eagle's claim that the conviction had little

probative value because it occurred ten years before is seriously weakened by the fact that he had spent six of those years incarcerated for that crime.  See LeCompte, 1997 WL 781217 at *2.

Eagle's citation to United States v. LeCompte, 99 F.3d 274 (8th Cir. 1996) for the proposition that evidence offered under Rule 414 must also comply with Rule 404

(prior bad acts evidence) is incorrect. In <u>LeCompte</u> the court analyzed evidence of prior acts of child sexual assaults by the defendant under Rule 404 because the government had failed to file a timely Rule 414 motion, not because such evidence is only admissible if it fulfills the requirements under both rules. <u>Id.</u> at 274. On remand the government filed a timely Rule 414 motion, and the evidence was held admissible under that rule. <u>See</u> <u>LeCompte</u>, 1997 WL 781217 at *1. In the instant case, the district court properly held that the evidence of Eagle's prior sexual misconduct crime was admissible. <u>See</u> <u>id.</u> at *2.

For the reasons already discussed, we affirm the judgment of the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

18