# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2360
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Myron Lyndon Johnson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 10, 2002

Filed:  December 16, 2002
_____

Before McMILLIAN, FAGG, and BYE, Circuit Judges.
_____

PER CURIAM.

Myron Lyndon Johnson, a thirty-nine year old Indian, was convicted of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2243(a), 2246(a) (2000).  Johnson admitted having consensual sexual intercourse with the victim both before and after her sixteenth birthday.  Johnson appeals his conviction, contending the district court[*] abused its discretion in two evidentiary rulings and in refusing to grant a mistrial.  We affirm.

_____

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

We reject Johnson's contention the district court abused its discretion by allowing the Government to introduce evidence of Johnson's 1982 conviction for assault with the intent to commit rape. The district court admitted the 1982 conviction under Federal Rule of Evidence 413 because the 1982 offense also involved a sixteen-year-old victim and took place in privacy, so there were no witnesses. The district court then balanced the probative value against the potential for unfair prejudice under Rule 403, finding the 1982 crime was admissible. Johnson, however, argues that he was twenty in 1982, so his victim was his contemporary. We agree with Johnson that his 1982 conviction for a forcible assault on a victim near his age is a meaningfully different offense than his consensual relationship with a fifteen-year-old when he was thirty-nine. The two offenses do not establish a pattern of behavior. Even if the 1982 conviction should have been excluded, however, the admission of this earlier conviction was not prejudicial given the fair evidence of Johnson's guilt. Thus, we conclude, by the narrowest of margins, that the admission of the 1982 conviction was not reversible error. United States v. Mound, 149 F.3d 799, 801-02 (8th Cir. 1998).

We next reject Johnson's contention the district court abused its discretion by allowing the Government to introduce evidence of the victim's limited mental ability and that Johnson fathered her child, born ten months after the girl's sixteenth birthday. Although this evidence has no bearing on the challenged element of the offense – whether Johnson knew the victim was under sixteen – the information presented the context of Johnson's relationship with the victim. The pregnancy was relevant because it sparked the investigation that led to charges against Johnson and it resulted from Johnson's course of criminal conduct. Further, evidence of the birth could not prejudice Johnson, given his admission to having sex with the victim and DNA evidence of his paternity. Evidence of mental ability is admissible to assist the jury's credibility determinations. United States v. Butler, 56 F.3d 941, 945 (8th Cir. 1995). Although the victim's limited mental capacity and resulting pregnancy reflect poorly on Johnson, the evidence was not so prejudicial it outweighed its probative

value. United States v. Becht, 267 F.3d 767, 773 (8th Cir. 2001) (explaining balancing test).

Finally, Johnson contends the district court abused its discretion by refusing to grant a mistrial after the Government made certain remarks in closing argument. Specifically, the Government contrasted Johnson's confession with his decision to go to trial after learning the victim might testify she and Johnson never had sex. Johnson objected at trial and the objection was sustained because there was no evidence that Johnson was told of the victim's intended testimony. The district court later instructed the jury that the jurors must decide for themselves what the facts were, and should not substitute factual assertions made by attorneys during closing arguments. Johnson contends the Government's statements were more than factual assertions offered without supporting evidence; Johnson contends the Government's remarks cast a shadow of opportunism on the exercise of his constitutional right to a jury trial.

We agree the prosecution's remarks were improper. The remarks, however, were not so prejudicial as to deny Johnson a fair trial. United States v. Cannon, 88 F.3d 1495, 1502 (8th Cir. 1996). In reaching this conclusion, we consider the cumulative effect of misconduct, the strength of the properly admitted evidence of Johnson's guilt, and the district court's curative actions. Id. at 1502-03; United States v. Eldridge, 984 F.2d 943, 946-47 (8th Cir.1993). The remarks, although improper, were limited to one topic and were not so offensive they tarnished the entire proceeding. The case against Johnson was fairly strong – the most damaging proof was Johnson's confession to an FBI agent that he knew the victim was younger than sixteen. Although Johnson testified he was pressured to make this confession, Johnson's confession he knew the victim's true age is consistent with the victim's testimony that she informed Johnson she was younger than sixteen. The district court acted properly to neutralize the prejudicial remarks by sustaining a timely objection and offering a clarifying instruction about the objection. Because Johnson's guilt is fairly supported by the record, and the district court properly neutralized the

prejudicial effect of the prosecutor's remarks, we conclude Johnson was not deprived of a fair trial. The district court did not abuse its discretion in denying Johnson's motion for a mistrial.

We thus affirm Johnson's conviction. We grant Johnson's motion to supplement the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-