UNITED STATES of America,
Plaintiff,

v.

William Duran See WALKER, a/k/a
Billy See Walker, Defendant.

No. C1–03–04.

United States District Court,
D. North Dakota,
Southwestern Division.

May 6, 2003.

Scott J. Schneider, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

Rob forward, Kelsch Kelsch Ruff & Kranda PLLP, Mandan, ND, for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE

HOVLAND, Chief Judge.

On April 28–29, 2003, the defendant, William Duran See Walker, filed three (3) separate motions in limine which include the following:

> 1) Motion Regarding Competency of Government's Child Witness
>
> 2) Motion in Limine Re: Prior Bad Acts
>
> 3) Motion in Limine Re: Hearsay

On May 1, 2003, the United States' Response to Defendant's Pretrial Motions was filed. The Government contended that the Motions in Limine were untimely and/or should be denied on the merits. The Court will not summarily deny the Defendant's motions and will consider them on the merits at this stage.

## I. MOTION IN LIMINE REGARDING COMPETENCY OF GOVERNMENT'S CHILD WITNESS.

The Defendant's motion requests that the Court hold a competency hearing regarding witness S.C., a nine-year-old child, who was the alleged victim of the Defendant and to exclude S.C. from testifying at trial. The Court concludes that the Defendant has not established the necessary prerequisites for a competency hearing nor has he established a basis to exclude witness S.C. from testifying at trial.

Rule 601 of the Federal Rules of Evidence provides in part, that "[e]very person is competent to be a witness except as otherwise provided in these rules." 18 U.S.C. § 3509(c) provides more specific direction to the Court regarding competency examinations. Specifically, "[a] child is presumed to be competent" (18 U.S.C. § 3509(c)(2)); "[a] competency examination regarding a child witness may be conducted by the court only upon written motion and offer of proof of incompetency by a party" (18 U.S.C. § 3509(c)(3)); and "[a] competency examination regarding a child may be conducted only if the court determines, on the record, that compelling reasons exist. A child's age alone is not a compelling reason." 18 U.S.C. § 3509(c)(4).

Under Rule 601 and 18 U.S.C. § 3509(c), the alleged victim is presumed competent to testify. The Defendant's offer of proof of incompetency is non-existent. The Defendant has submitted no specific facts or a basis for his claim of S.C.'s incompetency. The Defendant has provided no evidence or an offer of proof of any coaching or that S.C. has related a false or misleading story. The Defendant claims that such a hearing is necessary "if the child is merely repeating a well-drilled narration of the alleged incident without understanding it...." See Defendant's Brief, p. 5. However, the Defendant has provided no evidence that S.C. is repeating a well-drilled narration of the acts of the Defendant.

In addition to a failure to provide a sufficient offer of proof of S.C.'s incompetency, the Defendant has also not estab-

lished any "compelling reasons" for an examination as contemplated by 18 U.S.C. § 3509(c)(4). As previously noted, children are presumed to be competent to testify and a competency examination involving a child may be ordered only if "compelling reasons" exist. *United States v. Snyder*, 189 F.3d 640, 645 (7thCir.1999). It is well-established that as long as a witness has the capacity to testify truthfully, it is best left to the fact-finder to determine whether she, in fact, did so. See *United States v. Spotted War Bonnet*, 882 F.2d 1360, 1363 (8th Cir.1989); *United States v. Sumner*, 119 F.3d 658, 663 (8th Cir.1997).

The Court concludes that the alleged victim, S.C., is presumed competent to testify at trial. For the reasons set forth above, the Defendant's Motion is DENIED.

## II. MOTION IN LIMINE RE: PRIOR BAD ACTS

The record reveals that on April 4, 1997, the Defendant knowingly engaged in and caused contact with K.G., a four year-old female child, by "the intentional touching with this mouth of the ... groin of K.G., with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, by placing her in fear; in violation of 18 U.S.C. § § 2244(a)(2) and 1153." *United States v. Billy Duran See Walker*, Criminal No. C1–98–008, District of North Dakota. Pursuant to Rules 413 and 414 of the Federal Rules of Evidence, the Government intends to introduce the Defendant's prior 1997 act of child molestation during its case-in-chief "for its bearing on matters to which it is relevant." The Government contends that this evidence clearly shows Defendant's propensity to commit sexual assault and child molestation of young girls.

The Government has put the Defendant on notice and provided copies of all potential evidence it may use as proof of the 1997 prior bad act. However, at the present time, the Government only intends to introduce: (1) a certified copy of the Indictment in Case No. C1–98–008, with only Count Three, the count of conviction, going to the jury; (2) the signed Plea Agreement in Case No. C1–98–008, with only relevant portions of the Plea Agreement going to the jury including the cover page, the page containing paragraph 6 (the factual basis), and the signature pages; (3) the transcript of the Plea and Sentencing Hearings in C1–98–008, with only the relevant portions of the April 13, 1998, Plea Hearing going to the jury; and (4) a certified copy of the Judgment in a Criminal Case in Case No. C1–98–008.

The Government also intends to introduce during its case-in-chief evidence of prior acts of sexual assault and child molestation committed by the Defendant against the alleged victim during calendar year 2002. Evidence of such prior bad acts will likely include any and all acts of sexual assault and child molestation by the Defendant against S.C. in 2002, many of which were not charged in Counts One through Four of the Superseding Indictment.

 In *United States v. Gabe*, 237 F.3d 954 (8th Cir.2001), the 8th Circuit Court of Appeals described the circumstances and parameters for the use of the Defendant's prior sexual acts under Rules 413 and 414. The Court states:

> Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit crime. Fed.R.Evid. 404(b). However, Congress altered this rule in sex offense cases when it adopted Rules 413 and 414 of the Federal Rules of Evidence. Now, in sexual assault and child molestation

cases, evidence that the defendant committed a prior similar offense "may be considered for its bearing on any matter to which it is relevant" including the defendant's propensity to commit such offense. Fed.R.Evid. 413(a), 414(a). If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir.1997).

A court considering the admissibility of Rule 414 evidence must first determine whether the evidence has probative value, recognizing "the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." *LeCompte*, 131 F.3d at 769. We agree with the district court that Holly Thompson's testimony is highly probative. The abuse alleged by Thompson was almost identical to the abuse of V.G. alleged in Count I. Both were young girls of six or seven years at the time of the offenses; both were related to Gabe; and the sexual nature of the offenses was similar. See *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir.1998). The court must next balance that probative value against the risk of unfair prejudice (and any other pertinent Rule 403 factor). Rule 403 is concerned only with "unfair prejudice, that is, an undue tendency to suggest decision on an improper basis." *United States v. Yellow*, 18 F.3d 1438, 1442 (8th Cir.1994). Holly Thompson's testimony is prejudicial to Gabe for the same reason it is probative it tends to prove his propensity to molest young children in his family when presented with an opportunity to do so undetected. Because propensity evidence is admissible under Rule 414, this is not unfair prejudice. Moreover, "[b]ecause the evidence [of prior abuse] was so similar to [one of] the acts

charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case." *United States v. Butler*, 56 F.3d 941, 944 (8th Cir.1995).

See *United States v. LeCompte*, 131 F.3d 767, 769–770 (8th Cir.1997); *United States v. Eagle*, 137 F.3d 1011, 1015–1016 (8th Cir.1998); *United States v. Mound*, 149 F.3d 799, 800–802 (8th Cir.1998) (prior conviction for sexual abuse admitted under Rule 413). *United States v. Withorn*, 204 F.3d 790, 794–795 (8th Cir.2000); *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir.2001).

■ In the present case, there are striking similarities between the Defendant's 1997 prior bad act of sexual molestation and the acts charged in Counts One through Four of the Superseding Indictment. In the 1997 incident, the victim, K.G., was four years old, and victim S.C. in the present case was eight years old at the time of the alleged incident(s). K.G. was a relative of the Defendant, and S.C. was the daughter of the Defendant's live-in girlfriend. The 1997 prior bad act, which resulted in a 1998 conviction in United States District Court for abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2) and 1153, involved an act of oral sexual contact between the Defendant's mouth and the four year old victim's groin. Count Four of the Superseding Indictment in this case charges a count of aggravated sexual abuse, that is, oral sex involving contact between the defendant's mouth and the victim's vulva. This evidence shows the Defendant's propensity to molest young girls, which is a valid purpose and a basis for admissibility under Rules 413 and 414. As such, evidence of the 1997 "bad act" and resulting conviction are admissible evidence at trial.

■ On the other hand, evidence of other alleged sexual assaults and child moles-

tation committed by the Defendant in calendar year 2002 against the victim (S.C.) which were not charged out will not be allowed into evidence in this case. Although relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and by other considerations enumerated in Rule 403 of the Federal Rules of Evidence.

### III. MOTION IN LIMINE RE: HEARSAY

Finally, the Defendant seeks to exclude a videotape of a December 5, 2002, interview of the alleged victim by a Paula Condol and testimony of Paula Condol of statements made by the alleged victim on this same date. The Government has indicated its intent to call S.C. as a witness at the trial to testify regarding the acts of the Defendant as charged in Counts One through Four of the Superseding Indictment. After testifying during the Government's case-in-chief, S.C. will be subject to cross-examination by the Defendant. Assuming this occurs, there would arguably be no Sixth Amendment Confrontation Clause problem which would prohibit the use of hearsay evidence, in this case the videotape of the December 5, 2002, forensic interview of S.C. by Paula Condol at the Children's Advocacy Center Medcenter One, Bismarck, North Dakota, or the testimony by Paula Condol regarding specific information provided by S.C. during the interview.

The Court will not allow the admission of this evidence if the alleged victim does not testify at trial. If the alleged victim does testify, the Court concludes that the videotaped interview of S.C. may possibly be admitted following the cross-examination of the alleged victim but only if the alleged victim was impeached on cross-examination and the videotape is offered as a prior consistent statement under Rule 801(d)(1)(B). If the Court concludes those prerequisites have occurred, the videotaped interview may be admitted but the Court will defer any ruling at this time. Otherwise, the videotape is inadmissible at trial.

Rule 807 of the Federal Rules of Evidence is the residual exception or catch-all to the hearsay rule, and provides in part as follows:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

In *United States v. Juvenile N.B.*, 59 F.3d 771, 775–776 (8th Cir.1995), the 8th Circuit considered Rule 803(24), the forerunner of Rule 807, and held that a five-part test is used to determine admissibility, including the following points:

(1) The statement must have circumstantial guarantees of trustworthiness equivalent to the twenty-three specified exceptions listed in Rule 803;

(2) The statement must be offered as evidence of a material fact;

(3) The statement must be more probative on the point for which it is offered than any other evidence the proponent can procure through reasonable efforts;

(4) The general purposes of the Federal Rules and the interests of justice must best be served by admission of the statement into evidence;

(5)The proponent of the evidence must give the adverse party the notice specified within the rule.

*United States v. Grooms,* 978 F.2d 425, 427 (8th Cir.1992); *United States v. Renville,* 779 F.2d 430, 439 (8th Cir.1985).

In the present case, the videotaped interview of S.C., and the testimony by Paula Condol regarding the interview, arguably have circumstantial guarantees of trustworthiness equivalent to the specified exceptions to the hearsay rule based upon Paula Condol's training and experience in interviewing potential child abuse victims; the fact that the interview was conducted using open-ended questions; S.C. was nine years old at the time of the interview which occurred within months of the alleged abuse incidents; S.C. used age-appropriate language in discussing the abuse; and S.C. has been consistent in her reports of abuse, without recantation, providing additional information regarding the abuse in subsequent interviews. Nevertheless, as previously noted, the videotape interview of S.C. will be inadmissible. The videotaped interview may be allowed into evidence after cross-examination if the alleged victim has been impeached and the videotaped interview is offered as a prior consistent statement of the declarant. However, the Court will defer ruling on the matter until after the direct and cross-examination testimony is presented at trial.

## IV. CONCLUSION

In summary, the Defendant's Motion Regarding Competency of Government's Child Witness is DENIED. The Defendant's Motion Regarding Prior Bad Acts is DENIED IN PART AND GRANTED IN PART. Specifically, evidence of the Defendant's 1997 prior bad act is admissible but evidence of other alleged bad acts in 2002 will not be allowed. The Defendant's Motion in Limine Re: Hearsay is GRANTED at this stage subject to reconsideration at trial.