# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1717
_____

United States of America,       *
            *
          Appellee,       *
            * Appeal from the United States
     v.              * District Court for the District
            * of South Dakota.
Gary Flute, Sr.,           *
            *
          Appellant.      *
            *

_____

Submitted: October 24, 2003
Filed: April 5, 2004
_____

Before BYE, HANSEN, and MELLOY, Circuit Judges.
_____

MELLOY, Circuit Judge.

Gary Flute, Sr., was charged with sexual abuse, incest, and aggravated sexual abuse of his two minor daughters in a nine-count indictment. After a jury trial, he was convicted on two counts of sexual abuse of A.F., one count of incest with A.F., and two counts of aggravated sexual abuse of Y.F. The jury found Flute not guilty on three other counts, and the district court granted his motion for judgment of acquittal on the remaining count. Flute filed a Motion for Judgment of Acquittal and a Motion for New Trial, alleging that the evidence was insufficient to sustain the

jury's verdict and that he was denied a fair trial because of improper comments made by the prosecutor. The district court denied both motions in a Memorandum Opinion dated October 23, 2002. On February 26, 2003, the district court sentenced Flute to 180 months on his three counts against A.F. and 372 months on his two counts against Y.F., to run concurrently and to be followed by five years of supervised release.

Flute raises three issues on appeal. First, Flute claims that he was denied a fair trial because of prosecutorial misconduct. The basis for the claim is a comment made by the prosecution during the testimony of Chepa Valandra, a Bureau of Indian Affairs social worker. The defense objected to a question asked on direct examination, and in responding to the objection, the prosecutor said, in open court, that the defense "didn't want this to come up." The objection was sustained and the judge immediately instructed the jury to disregard the comment. To justify a new trial, a prosecutor's comment must have been both improper and prejudicial to the substantial rights of the defendant. United States v. Cruz-Padilla, 227 F.3d 1064, 1068 (8th Cir. 2000).

Assuming without deciding that the comment was improper, Flute's argument fails because he cannot show prejudice. "In assessing the prejudicial impact of prosecutorial misconduct we consider: 1) the cumulative effect of the misconduct; 2) the strength of the properly admitted evidence; and 3) the curative actions taken by the district court." United States v. Wadlington, 233 F.3d 1067, 1077 (8th Cir. 2000). As the district court concluded in its October 23, 2002 Memorandum Opinion, all three factors weigh against Flute's position. The cumulative effect of the misconduct was minimal–it was one isolated comment in a three-day trial. The strength of the properly admitted evidence was great. Two victims testified directly about how Flute had victimized them, and there was additional medical evidence consistent with the abuse. Curative actions were also taken; the judge immediately

told the jury to disregard the comment. "A jury is presumed to follow its instructions." Weeks v. Angelone, 528 U.S. 225, 234 (2000). The district court therefore did not abuse its discretion in denying Flute's motion for a mistrial based on the prosecutor's comments.

Second, Flute claims that the evidence was insufficient to support the verdict. "When determining whether the evidence is sufficient to support a conviction, we view the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Carter, 270 F.3d 731, 734 (8th Cir. 2001). In this case, the evidence included statements of Flute's daughters, who testified as to many instances of sexual abuse by their father. Flute argues their testimony is insufficient because the girls could not pinpoint dates the abuse occurred and that details given did not prove the offenses charged. However, "[q]uestions of the reliability and consistency of witness testimony are within the province of the jury," United States v. Peoples, 250 F.3d 630, 639 (8th Cir. 2001), and the jury here found the evidence reliable and consistent enough to return a finding of guilt. In the light most favorable to the verdict, the evidence at trial was sufficient to support the conviction, and the district court did not err in denying Flute's motion for judgment of acquittal based on insufficiency of the evidence.

Third, Flute claims that the court's allowance of leading questions was an abuse of discretion. However, the use of leading questions is left to the discretion of the district court, and while leading questions are generally prohibited on direct examination, "[t]he child witness is a long-recognized exception to this rule." United States v. Butler, 56 F.3d 941, 943 (8th Cir. 1995). The district court therefore did not abuse its discretion here in allowing the prosecution to ask some leading questions of the minor victims.

The judgment of the district court is therefore affirmed.

———————————