UNITED STATES of America,
Plaintiff–Appellee,

v.

Donald Wayne YELLOW,
Defendant–Appellant.

No. 93–1522.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 11, 1993.

Decided March 18, 1994.

Jerry Strauss, Minneapolis, MN, argued, for appellant.

Richard Morgan, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before JOHN R. GIBSON,* MAGILL, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

Donald Wayne Yellow, a Chippewa Indian, appeals his conviction and sentence for raping his disabled younger brother and his younger sister, in Indian country, in violation of 18 U.S.C. §§ 1153, 2241(a)(1), 2242(2)(B), and 2243(a). Yellow argues that the district court[1] (1) violated Fed.R.Evid. 404(b) and 403 when it allowed his brother and sister to testify about prior incidents of sexual abuse; (2) improperly permitted a psychologist to relate what the victims had revealed during the course of therapy; and (3) erroneously

departed upward from Yellow's Guidelines sentence range in sentencing him to 240 months in prison. We affirm.

## I.

At trial, both Yellow's brother, who suffers from cerebral palsy, and his sister described in detail the charged offenses—that Yellow had entered his brother's room and raped him late one night in early 1992, and that he raped his then-thirteen-year-old sister in 1990 while they were hunting in a wooded area near their home on the Red Lake Indian Reservation. During his sister's testimony, Yellow blurted out, "That's a lie!" He later testified in his own defense and denied having sexual relations with his brother or sister, describing his siblings' testimony as "a bunch of bullshit." The jury convicted Yellow of all counts charged, and this appeal followed.

The principal issue on appeal is the admissibility of testimony by Yellow's brother and sister that he sexually abused both of them for many years prior to the assaults in question. Yellow consistently objected to government questioning regarding these prior incidents and twice moved for a mistrial. The district court sustained several objections, excluding testimony concerning some incidents as too remote in time and other testimony as unfairly prejudicial. The court generally limited such testimony to the five year period immediately preceding the charged offenses, although the jury would have inferred from the emotionally-charged testimony that the acts of violent sexual abuse began as early as 1982. The district court repeatedly cautioned the jury not to consider testimony regarding prior abuse as "proof of the acts that have been alleged in the indictment, but only for some other reasons, such as identity, motive, or intent."

The second issue on appeal concerns the admissibility of hearsay testimony presented by Dr. Daryl Zitzow, a clinical psychologist, who diagnosed and treated both victims. Af-

---

* THE HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted; he took senior status on January 1, 1994, before this opinion was filed.

ter Dr. Zitzow testified that the victims knew his interviews were for treatment purposes, and that he asked open-ended, non-suggestive questions related to his diagnosis and treatment, Dr. Zitzow was permitted over Yellow's hearsay objections to relate what the victims told him about the charged offenses. The district court sustained Rule 404(b) objections to hearsay testimony relating to the prior incidents of abuse, and it struck as too remote in time Dr. Zitzow's testimony that the sister had seen Yellow sexually assault the younger brother ten years earlier.

The final issue relates to sentencing. Following the jury's verdict, the district court determined that Yellow's Guidelines sentencing range is 135 to 168 months, but it departed upward under U.S.S.G. § 5K2.3, p.s., and sentenced him to 240 months in prison based on the extreme psychological injury suffered by his siblings. The district court explained:

> The court has had an opportunity to observe the victims and review the testimony of all the witnesses at trial and the testimony of Dr. Zitzow during [the] sentencing proceeding. During their testimony at trial, [the victims] recounted several years of repeated and brutal sexual abuse by the defendant.... The defendant perpetrated his sexual abuse by using psychological intimidation and physical force, including death threats, hitting, choking, slapping and physical restraints. The evidence indicates that the defendant sometimes stifled the victims' cries by taping their mouths before he committed his abusive acts.

> \*   \*   \*   \*   \*   \*

> Dr. Zitzow testified and noted in his reports that as a result of their abuse both victims are likely to suffer psychological, emotional and behavioral impairment for an extended period, and perhaps, the rest of their lives. Dr. Zitzow diagnosed that [the victims] will require extensive therapy to overcome their feelings of low self-

worth, self-blame and victimization, to improve their trust in others and enable them to relate to others in a sexually appropriate manner.... Finally, Dr. Zitzow noted that the sexual abuse case histories of [the victims] are among the most intimidating, violent, lengthy, traumatic and saddest that he has ever witnessed.

## II. Rule 404(b) Issues.

Rule 404(b) provides that, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." *See generally United States v. Jones,* 990 F.2d 1047, 1050 (8th Cir.1993). Yellow argues that the district court erred in admitting his siblings' testimony concerning prior acts of sexual abuse because (1) the testimony was not relevant to any material issue; (2) there was insufficient evidence to conclude that he committed the prior acts; and (3) the testimony generated unfair prejudice against him, which was not dispelled by the district court's repeated cautionary instructions.

■ (1) We have previously held that "prior sexual acts with the prosecutrix are generally admissible in a statutory rape prosecution." *United States v. St. Pierre,* 812 F.2d 417, 420 (8th Cir.1987). *St. Pierre* reflects the general rule that evidence of prior sex offenses committed upon the victim of the charged offense is relevant and admissible at trial. *See* 1 *McCormick on Evidence* § 190(4), at pp. 803–04 (4th ed. 1992).[2] Although this general rule in its broadest articulations goes beyond the limiting language of Rule 404(b), federal courts have consistently held that such evidence is relevant under one or more of the permissible purposes enumerated in the Rule. *See, e.g., United States v. Bradshaw,* 690 F.2d 704, 708–09 (9th Cir. 1982) (evidence of prior sex acts admissible

---

**2.** We are far more hesitant to affirm the admission of evidence of prior sexual acts or crimes committed against persons other than the victim of the charged offense. *See United States v. Has No Horse,* 11 F.3d 104, 106 (8th Cir.1993); *United States v. Fawbush,* 900 F.2d 150 (8th Cir. 1990). Cases from other jurisdictions also note this distinction. *See United States v. Gano,* 560 F.2d 990, 992–93 n. 1 (10th Cir.1977).

in kidnapping case to prove defendant's dominion and control over the minor victim).

■ Rule 404(b) expressly provides that prior acts evidence may be admitted if relevant to prove intent. Yellow generally denied abusing his brother and sister, thus requiring the government to prove that Yellow specifically intended to rape his disabled brother in violation of 18 U.S.C. § 2242(2)(B), and that he specifically intended to rape his minor sister in violation of § 2243(a). *See United States v. Miller,* 974 F.2d 953, 960 (8th Cir.1992).[3] "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially where that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *United States v. Huddleston,* 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). *See 2 Weinstein's Evidence* ¶ 404[12], at p. 404–72 (1993) ("even if defendant did not possess the requisite intent initially, it may be inferred that after being involved in a number of incidents, he must have arrived at a mental state inconsistent with innocence").

Evidence of prior sexual abuse of the victim has been admitted to prove the defendant's specific intent to take advantage of one who was "physically incapable of declining participation," an element of the offense under 18 U.S.C. § 2242(2)(B). *See United States v. Peden,* 961 F.2d 517, 520–21 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 392, 121 L.Ed.2d 300 (1992). It has also been admitted to prove a specific intent to gratify the defendant's sexual desires for purposes of 18 U.S.C. § 2245(3). *See United States v. Hadley,* 918 F.2d 848, 851 (9th Cir.1990), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 486, 121 L.Ed.2d 324 (1992). We conclude that such evidence was relevant to the intent issues in this case.

■ In addition, at trial, Yellow attempted to portray David Lyons, who was previously convicted of attempting to rape Yellow's sister, as the person who committed the charged offense against his sister. Rule

404(b) evidence may be admitted to prove identity, and evidence that a defendant committed prior sexual assaults against the victim is relevant in identifying defendant as the person who committed the assault charged in the indictment. *See United States v. Dia,* 826 F.Supp. 1237, 1241 (D.Ariz. 1993).

"This circuit views [R]ule 404(b) as one of inclusion, permitting admission of other crimes, wrongs, or bad acts material to an issue at trial, unless the evidence tends to prove only the defendant's criminal disposition." *United States v. Estabrook,* 774 F.2d 284, 287 (8th Cir.1985). The district court has broad discretion to admit evidence of other wrongs. *See United States v. Johnson,* 934 F.2d 936, 939 (8th Cir.1991). In light of the many cases approving the admission of such evidence, the district court did not abuse its discretion in concluding that evidence of Yellow's past sexual abuse of his siblings was relevant to material issues at trial.

■ (2) Yellow next argues that the Rule 404(b) evidence was improperly admitted because there was insufficient evidence that he committed the prior bad acts. Rule 404(b) evidence "should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." *Huddleston,* 485 U.S. at 685, 108 S.Ct. at 1499. Here, both victims testified that Yellow committed the prior acts of sexual abuse, as well as the charged offenses. Their testimony was buttressed by Dr. Zitzow, a treating clinical psychologist. Yellow took the stand and denied all of the alleged misconduct. In these circumstances, because the jury found beyond a reasonable doubt that Yellow committed the charged offenses, it is clear that the district court did not err in concluding that the jury could have found by a preponderance of the evidence that Yellow committed identical prior acts. *See Johnson,* 934 F.2d at 940.

■ (3) Finally, Yellow argues that even if evidence of prior abuse was relevant, this

---

**3.** That distinguishes this case from *United States v. Jenkins,* 7 F.3d 803 (8th Cir.1993), in which the government offered prior acts evidence in

rebuttal to prove intent, even though the defendant's prior testimony had taken that issue out of the case.

testimony should have been excluded because its prejudicial effect outweighed its probative value. *See* Fed.R.Evid. 403. However, Rule 403 is concerned only with "unfair prejudice," that is, "an undue tendency to suggest decision on an improper basis." Rule 403, Adv. Comm. Note. Here, the evidence of prior abuse, if believed, was no doubt prejudicial, but primarily because its probative value was great—it undermined Yellow's "mistaken identity" defense and tended to prove that he dominated and specifically intended to rape his young, defenseless siblings. The district court sustained a number of Yellow's objections and excluded some of this testimony as too remote in time or as unduly prejudicial.[4] The court repeatedly instructed the jury not to consider evidence of prior abuse as proof of the acts alleged in the indictment. *See Johnson,* 934 F.2d at 941; *St. Pierre,* 812 F.2d at 420. Finally, because the prior bad acts were nearly identical to the assaults charged in the indictment, we agree with the district court that they were not likely to be "so inflammatory on [their] face as to divert the jury's attention from the material issues in the trial." *Fawbush,* 900 F.2d at 152.

For all the foregoing reasons, we conclude that the district court did not abuse its discretion in admitting this evidence.

### III. The Hearsay Question.

■ The district court admitted Dr. Zitzow's testimony regarding the sexual abuse related to him by Yellow's brother and sister under the hearsay exception in Fed.R.Evid. 803(4) for:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Yellow argues that this testimony was inadmissible because Rule 803(4) "does not include *psychological* diagnosis." However, we have consistently upheld the admission of statements made to psychologists or trained social workers, provided that the declarant was seeking treatment, the statements were relevant to diagnosis or treatment, and the statements were not coached. *Compare United States v. Balfany,* 965 F.2d 575, 579–81 (8th Cir.1992); *United States v. Provost,* 875 F.2d 172, 176–77 (8th Cir.), *cert. denied,* 493 U.S. 859, 110 S.Ct. 170, 107 L.Ed.2d 127 (1989); *and United States v. Renville,* 779 F.2d 430, 435–39 (8th Cir.1985); *with United States v. White,* 11 F.3d 1446, 1449–50 (8th Cir.1993). In this case, proper foundation was laid to admit Dr. Zitzow's testimony under Rule 803(4), and the district court did not abuse its discretion in overruling Yellow's hearsay objections.

### IV. The Departure Issue.

Yellow appeals the district court's decision to sentence him to 240 months in prison, the statutory maximum for a violation of 18 U.S.C. § 2242(2)(B). In reviewing this upward departure, we examine (1) whether the circumstances relied on by the district court are sufficiently unusual in kind or degree to warrant a departure as a matter of law; (2) whether the facts warranting departure were properly found; and (3) whether the departure is reasonable. *See United States v. Nomeland,* 7 F.3d 744, 747 (8th Cir.1993).

■ An upward departure is warranted if the "victims suffered psychological injury much more serious than that normally resulting from the commission of the offense," that is, "when there is a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim, when the impairment is likely to be of an extended or continuous duration, and when the impairment manifests itself by physical or psychological symptoms or by changes in behavior patterns." U.S.S.G. § 5K2.3, p.s. Relying upon expert testimony, the district court expressly found that Yellow's siblings suffered psychological injury much more serious than that normally resulting from sexual abuse. Thus, this case presents circumstances sufficiently unusual in degree to warrant upward departure pursuant to § 5K2.3. *See United*

---

4. For example, the court excluded testimony that Yellow's sister saw him rape his disabled brother, testimony that the brother saw Yellow rape his young sister, and testimony that Yellow bound and gagged his sister while assaulting her.

*States v. Fire Thunder,* 908 F.2d 272, 275 (8th Cir.1990).

The district court based its departure upon the evidence at trial plus Dr. Zitzow's testimony at the sentencing hearing that the victims suffered extreme psychological injury.[5] Yellow argues that the district court relied upon Dr. Zitzow's evaluations of the victims to the exclusion of the opinion of an older sister that the victims are adjusting well. However, the district court was entitled to rely upon a psychologist's professional opinion regarding these matters. Its finding that the victims suffered sufficiently severe psychological injury to warrant an upward departure under § 5K2.3 is not clearly erroneous.

■ Finally, Yellow argues that the district court's 72–month upward departure was unreasonable. We have repeatedly emphasized that a departure is "quintessentially a judgment call" and that we defer to the district court's superior feel for the case. *See United States v. Perkins,* 929 F.2d 436, 438 (8th Cir.1991). After careful review of the record, we cannot conclude that the additional prison term is an unreasonable penalty for the severe psychological injury Yellow inflicted on his siblings. *Compare United States v. Ellis,* 935 F.2d 385, 397 (1st Cir.) (upholding 65–month upward departure under § 5K2.3), *cert. denied,* — U.S. —, 112 S.Ct. 201, 116 L.Ed.2d 160 (1991).

The judgment of the district court is affirmed.

---

5. Dr. Zitzow opined, "There's been few [sex abuse] victims that I have seen that have been subjected to more than they have."