# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2322

_____

United States of America,

        Appellee,

    v.

Ali Ademi,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Northern
District of Iowa.

Submitted: December 12, 2005
Filed: February 15, 2006

_____

Before BYE, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Appellant Ali Ademi pled guilty to one count of being an illegal alien in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) and to one count of knowingly concealing, harboring and shielding from detection an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i). At sentencing, the district court[1] granted the Government's request for a six-level upward departure pursuant to United States Sentencing Guidelines §§ 5K2.0 and 5K2.21 and

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

determined a total offense level of 21 and a criminal history category of I, resulting in an advisory sentencing range of 37 to 46 months. The district court sentenced Ademi to 47 months' imprisonment–a sentence one month longer than the top of the advisory guidelines range. Ademi appeals his sentence on various grounds.

Ademi argues that the district court violated the Sixth Amendment by making findings of fact utilizing a preponderance of the evidence standard when imposing sentence. However, judicial fact-finding using a preponderance of the evidence standard is permitted provided that the guidelines are applied in an advisory manner. *United States v. Wade*, No. 05-2181, slip op. at 2 (8th Cir. Jan. 13, 2006) (citing *United States v. Vaughn*, 410 F.3d 1002, 1004 (8th Cir. 2005)). Because the record establishes that the guidelines were applied in an advisory manner, the district court did not err.

Ademi also challenges the § 5K2.21 upward departure. Section 5K2.21 provides that the court may depart upward to reflect the actual seriousness of the offense based on conduct underlying a potential charge that was not pursued in the case as part of a plea agreement or for any other reason and that did not enter into the determination of the applicable guidelines range. In this case, the district court considered whether Ademi's uncharged assault on an illegal alien employee was an appropriate basis for a § 5K2.21departure. Ademi first argues that the departure was improper because the assault was unrelated to the offenses to which he pled guilty. This argument is meritless because the facts indicate that the assaulted employee was an illegal alien who was assaulted during the course of his employment by Ademi. Because Ademi concealed, harbored and shielded illegal aliens by employing them at his restaurant, the assault was related to Ademi's violation of § 1324(a)(1).

Second, Ademi argues that departure was improper because the district court should not have considered the vulnerability of the assaulted employee for purposes of § 5K2.21. He argues that since U.S.S.G. § 3A1.1(b)(1) separately provides for a

2-level enhancement for a "vulnerable victim," vulnerability may not be considered under § 5K2.21 because a departure may not be based on a factor adequately taken into consideration elsewhere in the guidelines. However, the record shows that the district court did not apply the two-level "vulnerable victim" enhancement pursuant to § 3A1.1(b)(1) but limited consideration of the vulnerability of the victim to its § 5K2.21 departure analysis. The district court found that Ademi's uncharged conduct, including beating an employee with a large metal spoon, causing bodily injury, and threatening him with a knife after he sought to be paid his wages, justified an upward departure under § 5K2.21. In making this finding, the district court also noted that the employee was "particularly vulnerable" to this type of abuse because, as an illegal alien, he could not report the assault to law enforcement. Ademi's choice of victim was a fact related to the uncharged conduct and, along with other facts found by the court, demonstrated the actual seriousness of Ademi's criminal actions. As such, the district court did not err in considering the vulnerability of the victim as one of many facts related to the uncharged conduct in determining whether a § 5K2.21 upward departure was appropriate.

In addition, Ademi argues that his sentence was unreasonable and requests a review pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Dalton*, 404 F.3d 1029, 1032 (8th Cir. 2005) (citing *United States v. Yahnke*, 395 F.3d 823, 826 (8th Cir. 2005)). Ademi's 47-month sentence was reasonable under § 3553(a).[2] Although Ademi pled guilty to illegal possession of a firearm and harboring an illegal alien, his

---

[2]Although the district court provided its reasons for granting the upward departure in calculating the guidelines range of 37 to 46 months, it did not provide reasons for its one-month upward variance as required pursuant to 18 U.S.C. § 3553(c)(2) for sentences outside the guidelines range. However, where the district court fails to provide its reasons as required, we affirm the sentence if we determine that the sentence is reasonable. 18 U.S.C. § 3742(f)(2),(3); *United States v. Kicklighter*, 413 F.3d 915, 918 (8th Cir. 2005).

criminal conduct included physically abusing an employee. His violence was particularly reprehensible because the employee, an illegal alien, could not complain to authorities–as Ademi knew, being an illegal alien himself. Applying the § 3553(a) factors to these facts and to the record as a whole, we find that Ademi's sentence, which exceeded the advisory guidelines range by only one month, was reasonable given the nature and circumstances of the offense, the personal characteristics of the defendant, the seriousness of the offense, and the need to protect the public from further such violence and exploitation by the defendant.

Accordingly, we affirm the district court's sentence.

_____