# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4354

———————

United States of America,            *
                                 *

       Plaintiff-Appellee,     *
                                 *   Appeal from the United States

    v.                       *   District Court for the District of
                                 *   South Dakota.

Archie Alexander Mack,      *
                                 *

       Defendant-Appellant.   *

———————

Submitted: June 12, 2006
Filed: June 22, 2006

———————

Before BYE, LAY, and RILEY, Circuit Judges.

———————

BYE, Circuit Judge.

Archie Mack pleaded guilty to one count of sexual abuse of a minor (statutory rape), in violation of 18 U.S.C. § 2243. The district court[1] departed upward from the advisory guideline range of thirty to thirty-seven months of imprisonment and sentenced Mack to fifty-one months. We affirm.

Mack was originally indicted on one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(A), and one count of sexual abuse of a minor.

———————————————

[1]The Honorable Chief Judge Karen E. Schreier, United States District Court for the District of South Dakota.

He pleaded guilty only to the possession count, but his advisory guideline range for this crime would have included the application of a cross-reference, enhancing his sentence more than either Mack or the government anticipated. As a result, he withdrew his guilty plea and instead pleaded guilty to the sexual abuse charge, and the government dismissed the possession charge.

Mack's conviction was based on an allegedly consensual relationship between himself, twenty years old at the time of sentencing, and the victim, who was fourteen. The relationship lasted over one year, and Mack knew the victim's true age. In January and February 2005, Mack videotaped them engaging in sexual acts on at least six different occasions, and he later showed the tape to friends. Some portions of the video were taped in the victim's bedroom adorned with stuffed animals and a Winnie-the-Pooh motif. Mack also superimposed the subtitle, "A Mack and Baby Girl," on portions of the tape. This tape was the basis of the possession charge.

Prior to sentencing, the court filed a notice of intent to depart upward under United States Sentencing Guideline (U.S.S.G.) § 5K2.21 based on the dismissed possession count. Mack's advisory guideline range was thirty to thirty-seven months prior to the § 5K2.21 departure. In determining the appropriate upward departure, the district court considered what Mack's guideline range would have been had Mack been sentenced under the possession guideline without the cross-reference. Under this second, hypothetical calculation, Mack's guideline range would have been fifty-one to sixty-three months after including all applicable enhancements. The district court ultimately imposed a fifty-one month sentence, representing a fourteen month departure under § 5K2.21 from Mack's original guideline range.

We review the district court's application of the guidelines de novo, United States v. Spudich, 443 F.3d 986, 987 (8th Cir. 2006), and its factual findings for clear error. United States v. Davidson, 437 F.3d 737, 739-40 (8th Cir. 2006). The district court must first determine the defendant's advisory guideline range, United States v.

Lazenby, 439 F.3d 928, 931 (8th Cir. 2006) (citing United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005), and we review the ultimate sentence for reasonableness in accordance with the factors listed in 18 U.S.C. § 3553(a). United States v. Bueno, 443 F.3d 1017, 1024 (8th Cir. 2006).

The parties do not dispute the district court correctly calculated Mack's advisory guideline range. Once the court determined the range, it discussed the § 3553(a) factors and held no downward departures were warranted. It then determined an upward departure was warranted based on Mack's possession of child pornography, i.e., the video he produced with the victim. See U.S.S.G. § 5K2.21. In sentencing Mack to fifty-one months, the court articulated its reasons for departing. Notably, the court stated the "possession of child pornography that was produced by the defendant" was not "taken into consideration" in Mack's first guideline range. The court found the videotape was disrespectful and degrading not only to the victim "but to everyone that would ever see that videotape. The problem with the videotape is once it's made, it's very hard to control . . . . It was shown to some of your friends, . . . and every single time someone looks at that videotape, [the victim] is harmed again." The court was also struck by Mack engaging in sexual activity with a girl young enough to have Winnie-the-Pooh decor in her bedroom and who looked embarrassed and ashamed during parts of the video.

Mack suggests the departure would only be warranted if the victim suffered severe psychological distress, citing United States v. Yellow, 18 F.3d 1438 (8th Cir. 1994). Our decision in Yellow, however, is inapposite because Yellow concerned a departure under U.S.S.G. § 5K2.3 for psychological injury to the victim, not U.S.S.G. § 5K2.21. Because the uncharged conduct, i.e., possession of child pornography produced by Mack, is related to the underlying crime, the district court did not err in departing upwards. See United States v. Rogers, 423 F.3d 823, 828 (8th Cir. 2005) (stating the uncharged conduct should relate in some way to the charged conduct). Additionally, a factual basis exists regarding Mack's actual possession of the child

pornography. See United States v. Schwalk, 412 F.3d 929, 933 (8th Cir. 2005) (upholding an enhancement under § 2K2.21 because the district court did not clearly err in determining the uncharged conduct actually occurred).

Mack also argues the district court "double counted" the fact he and the victim engaged in sexual intercourse on multiple occasions. When departing under § 5K2.21, the district court cannot enhance a sentence based on a factor already counted in the original sentence. United States v. Ademi, 439 F.3d 964, 966-67 (8th Cir. 2006). His argument, however, is without merit because the district court relied on different conduct when determining Mack's original and hypothetical sentences. Mack's original guideline sentence included an enhancement for engaging in sexual intercourse with the victim on multiple occasions. When the district court calculated a hypothetical guideline range for the possession count, this calculation included an enhancement for engaging in a pattern of exploitation. Although the district court relied on the *content* of the videotape as evidence Mack repeatedly violated the statutory rape law, the district court did not err in also relying on the *videotaping itself* when considering the extent of the departure ultimately made pursuant to § 5K2.21.

Finally, Mack claims his sentence is unreasonable. Although the departure made under § 5K2.21 constitutes an enhancement of between 38% and 66% of his advisory guideline sentence, the district court adequately considered and discussed the § 3553(a) factors. Our precedent requires: "Once the guidelines sentence is determined, the court shall then consider all other factors set forth in § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence." United States v. Wintermute, 443 F.3d 993, 1005 (8th Cir. 2006) (quoting Haack, 403 F.3d at 1003). After this decision is made, the district court shall then state its reasons in open court for imposing the ultimate sentence. Id. (citing 18 U.S.C. § 3553(c)). In the instance case, the district court followed this procedure, and after reviewing the record as a whole, we find the sentence reasonable. See United

States v. Rivera, 439 F.3d 446, 448 (8th Cir. 2006) (noting the record must be sufficiently developed below to allow meaningful review).

Accordingly, we affirm Mack's sentence.

_____