# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2184

_____

United States of America,                  *
                                            *
        Plaintiff - Appellee,               *
                                            *     Appeal from the United States
v.                                          *     District Court for the
                                            *     Northern District of Iowa.
Robert Anthony Neuzil,                      *
                                            *          [UNPUBLISHED]
        Defendant - Appellant.              *

_____

Submitted: December 17, 2010
Filed: December 23, 2010

_____

Before LOKEN and BYE, Circuit Judges, and MARSHALL,[*] District Judge.

_____

PER CURIAM.

Robert Neuzil in Iowa called his estranged wife in Minnesota in April 2009, instructing her to put their children in the basement because he was coming to kill her and her family. His wife reported the threat, and law-enforcement officers intercepted Neuzil driving toward Minnesota with a loaded handgun, two knives, three rifles, and ammunition in the car. A warrant search of Neuzil's residence uncovered firearms and explosive devices, including at least one "destructive device." See U.S.S.G. § 2K2.1(b)(3)(B). After indictment, Neuzil pleaded guilty to three counts of

_____

[*] The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

possessing unregistered firearms in violation of 26 U.S.C. §§ 5845(a), (e), 5861(d), and 5871. The government dismissed additional charges of interstate stalking, 18 U.S.C. §§ 2261A(2)(A), (B), and 2261(b)(3), and transmitting a threatening communication in interstate commerce, 18 U.S.C. § 875. At sentencing, the district court[1] determined an advisory guidelines sentencing range of 70 to 87 months. After considering the government's motion for an upward variance, Neuzil's motion for a downward variance, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Neuzil to the statutory maximum of 120 months in prison for each weapons count, to be served concurrently. Neuzil appeals, arguing procedural and substantive sentencing error. We affirm.

Neuzil's claims of procedural error were not raised in the district court, so our review is for plain error. United States v. Townsend, 618 F.3d 915, 918 (8th Cir. 2010); Fed. R. Crim. P. 52(b). The contentions are plainly without merit. First, a district court may properly consider misconduct charged in dismissed counts in deciding whether to depart or vary upward from the advisory guidelines range. See United States v. Ademi, 439 F.3d 964, 966-67 (8th Cir. 2006); U.S.S.G. § 5K2.21. Neuzil did not to object to the Presentence Investigation Report's description of his repeated, violent threats against his estranged wife. See United States v. Oaks, 606 F.3d 530, 541-42 (8th Cir. 2010). Second, ample evidence supported the district court's finding that Neuzil was "a very dangerous person." Indeed, his own expert conceded at sentencing that there were "indications of some risk of dangerousness." Third, the argument that the district court did not adequately explain its application of the 18 U.S.C. § 3553(a) sentencing factors is belied by the court's discussion at sentencing. See United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). There was no procedural error, plain or otherwise.

---

[1] The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

Neuzil's additional argument that the district court imposed a substantively unreasonable sentence is likewise without merit. We review the reasonableness of the sentence under a deferential abuse-of-discretion standard. "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). Here, the court noted that this was not "a run-of-the-mill simple possession of an unregistered firearm." Because Neuzil repeatedly threatened his wife and her family, "has a fascination with firearms and destructive devices," "has a tendency to use alcohol to excess," and failed to show genuine remorse for his unlawful actions, the court concluded that an upward variance was needed "to protect the public from further crimes of the defendant." There was no abuse of discretion.

The judgment of the district court is affirmed.

_____