**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4442

_____

UNITED STATES OF AMERICA

v.

AMIN ROLAND
a/k/a MARCOS LOWE

AMIN ROLAND,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Action No. 2:11-cr-00630)
District Judge: Honorable Esther Salas

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2013

_____

Before: RENDELL, JORDAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed:  November 26, 2013)

_____

OPINION

_____


GREENAWAY, JR., *Circuit Judge*.

Amin Roland ("Roland" or "Appellant") appeals the judgment of the District

Court sentencing him to 120 months of imprisonment. For the reasons discussed below, we will affirm the District Court.

## *I. Background*

Because we write primarily for the parties who are familiar with the facts and procedural history, we recount only the essential facts. On the evening of February 12, 2007, Rahim Rockafeller ("Rockafeller") was a victim of a shooting incident in Newark, New Jersey. Upon hearing the first shot, Officers Robert Moore and Ronald Bernard raced to the scene. The suspect absconded while Rockafeller was taken to a local hospital. Rockafeller identified Roland as his assailant. Using the photo that Rockafeller identified, Detective Sergeant Illidio Ferreira generated two separate photo arrays. Officers Moore and Bernard separately identified Roland as the shooter. As a result of the identifications, Roland was arrested.

The State of New Jersey charged Roland in an eight count indictment with several counts of assault, eluding the police, gun charges and resisting arrest. On April 8, 2008, Roland pled guilty and was sentenced for the count of resisting arrest.[1] Following the plea, the Federal Bureau of Investigation identified Roland as a member of a Newark gang — the South Side Cartel. As a result, the United States Attorney made an application for a *Petite* Waiver, an internal Department of Justice protocol requiring

---

[1] Appellant, who was incarcerated at the time of his plea for an unrelated incident, was scheduled to be released from state prison in November 2011.

federal prosecutors considering a potential duplicative federal-state prosecution to obtain prior authorization. After receiving authorization, the federal government indicted Roland for being a felon-in-possession of a firearm. A jury convicted Roland of violating 18 U.S.C. § 922(g)(1), and the District Court imposed a 120-month sentence.

## II. Jurisdiction

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III. Analysis

### A. Rulings to Admit or Exclude Evidence (Points I, III, IV, V, VII)

Appellant challenges the District Court's ruling to admit or exclude evidence on a number of grounds. "We review the district court's evidentiary rulings principally on an abuse of discretion standard." *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 131 (3d Cir. 1997). Our scope of review is so restricted because "[t]he admission or exclusion of evidence is a matter particularly suited to the broad discretion of the trial judge." *In re Merritt Logan, Inc.*, 901 F.2d 349, 359 (3d Cir. 1990). An abuse of discretion occurs only where the district court's decision is "arbitrary, fanciful or clearly unreasonable" —in short, where "no reasonable person would adopt the district court's view." *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009) (internal quotation

3

marks omitted).[2]

We begin with Appellant's argument that the District Court violated his Sixth Amendment rights by precluding the use of Officer Bernard's psychological report[3] and prohibiting the defense from cross-examining Officer Bernard about his mental illness (Point I). Under the Confrontation Clause of the Sixth Amendment, the defense is guaranteed "an *opportunity* for effective cross-examination . . . ." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis in original)). This right is not absolute. *Van Arsdall* requires us to "strike a balance between the constitutionally required opportunity to cross-examine and the need to prevent repetitive or abusive cross-examination." *United States v. Casoni*, 950 F.2d 893, 919 (3d Cir. 1991). Therefore, "a district court retains 'wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about . . . harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'"

---

[2] Appellant contends that Points One through Ten of Appellant's opening brief are subject to plenary review. (Appellant Reply Br. 3.) As elaborated upon below, only Point Eight (concerning a challenge under the Double Jeopardy Clause) is subject to plenary review. The admission of evidence is subject to an abuse of discretion standard and "[w]e will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view." *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 519 (3d Cir. 2003) (internal quotation marks omitted). *See also United States v. Jimenez*, 513 F.3d 62, 76 (3d Cir. 2008) (holding that appellate courts review "the denial of the Appellants' Sixth Amendment challenge for an abuse of discretion").

[3] The report was the result of an examination by Dr. Matthew Guller. It outlined Officer Bernard's bout with mental illness. The District Court concluded that the report was irrelevant and ultimately excluded the report.

*United States v. Tykarsky*, 446 F.3d 458, 475 (3d Cir. 2006) (quoting *United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005), *cert. denied*, 546 U.S. 1225 (2006) (some internal quotation marks omitted)).

We detect no abuse of discretion in the District Court's ruling to exclude the report. The District Court considered extensive arguments on its relevance and concluded that Roland failed to present a good-faith basis to attack Officer Bernard's credibility on this basis. Even assuming that the report had marginal probative value, the District Court considered several countervailing factors in concluding that the probative value of the evidence was substantially outweighed by the prejudice created by a likelihood of confusion. We will not disturb the District Court's well-reasoned conclusion to exclude the report.

We also find that any limitations on cross-examination of Officer Bernard did not infringe upon Roland's Sixth Amendment rights. The inquiry here is whether Roland can show that he was "prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness . . . ." *Van Arsdall*, 475 U.S. at 680. Roland has not met this burden. Cross-examination, undeterred from his perspective, would not have led a reasonable jury to "receive a significantly different impression" of Officer Bernard. *Id.*

Roland next argues that admission of Detective Ferreira's testimony, which references Rockafeller's alleged statements on identification of his shooter, must be excluded pursuant to both the hearsay rule and the Sixth Amendment's Confrontation

5

Clause (Point III).  Relying on *United States v. Sallins*, 993 F.2d 344 (3d Cir. 1993), Roland contends that admitting this testimony constitutes reversible error.  (Appellant Br. 32.)  We are not persuaded.

During an *in limine* hearing, the District Court suggested a compromise position allowing for the use of the evidence only for the purpose of providing context to the jury. Appellant consented, observing that the Court "fashioned a fair approach to this difficult problem."  (App. 455.)  Having agreed to the compromise, Roland is now precluded from raising this claim on appeal.  *See Gov't of the V.I. v. Rosa*, 399 F.3d 283, 291 (3d Cir. 2005) (finding that "an explicit agreement or stipulation constitutes a waiver of rights" precluding appellants "the opportunity to obtain relief on appeal").  Appellant's assertion that the government strayed beyond the limits of the compromise is also incorrect. Detective Ferreira's testimony was admitted only to provide context as to why he included Roland's picture in the photo array.  We find that the District Court did not abuse its discretion by allowing the limited use of Detective Ferreira's testimony.

Roland also argues that the District Court erred by allowing Detective Ferreira to testify about Rockafeller's wound (Point IV).  Contrary to Roland's suggestion that this is a "gun possession case" and "not a shooting case" (Appellant Br. 39), relevant evidence under Rule 401 includes any evidence that "has any tendency" to make a fact of consequence "more or less probable than it would be without the evidence . . . ."  Fed. R. Evid. 401.  *See also Old Chief v. United States*, 519 U.S. 172, 189 (1997) ("[T]he prosecution is entitled to prove its case free from any defendant's option to stipulate the

evidence away . . . .").  Detective Ferreira's testimony served a number of purposes, including corroborating Roland's gun possession and the gun's operability.

Relying on *United States v. Cunningham*, 694 F.3d 372 (3d Cir. 2012), Roland argues that the potential prejudice to the defendant, in the form of inflaming the jury, substantially outweighed any probative value that the evidence might have.  (Appellant Br. 39.)  We disagree.  In *Cunningham*, we reversed on Rule 403 grounds because the introduction of numerous child pornography videos had minimal probative value where the defense had stipulated to the presence of child pornography and the showing of a few would have been ample.  *See Cunningham*, 694 F.3d at 388-91.  Here, Detective Ferreira's testimony served a distinct purpose and the potential for prejudice was minimal. The District Court, therefore, did not abuse its discretion in allowing the introduction of Detective Ferreira's testimony on this subject matter.

For similar reasons, Roland also fails to demonstrate how admitting a photograph of Rockafeller's face constitutes prejudice warranting a reversal (Point V).  Roland contends that the photo had no relevance to the charge of possession of a firearm, and that introduction of the photo may have prejudiced the proceedings such that reversal is warranted.  (Appellant Br. 40-41.)  On the other hand, the photo could have served the purpose of establishing that Detective Ferreira had a basis to identify Rockafeller.  As a consequence, we find that the District Court did not abuse its discretion in admitting the photograph.

Finally, Roland's claim that the District Court abused its discretion by allowing a

state prosecutor to testify about Roland's state court guilty plea (Point VII) also fails.

The plea added relevant context to the case and was probative into the inquiry of whether

this was a case of mistaken identity. Even if there was potential for prejudice, the District

Court did not abuse its discretion in assessing that such harm was outweighed by the

probative value of the evidence. *Cf. United States v. Yellow*, 18 F.3d 1438, 1442 (8th Cir.

1994) (holding that evidence was properly introduced despite being undoubtedly

prejudicial because of its probative value in undermining a "mistaken identity" defense).

Moreover, the District Court's explicit jury instructions on the limited use of this

evidence minimized any potential prejudice that may have been caused by the

introduction of the testimony.

### B. Redaction of the Psychological Report (Point II)

Roland argues that the defense should have received an unredacted copy of Officer

Bernard's psychological report, given the importance of Officer Bernard as a witness for

the government. We review the District Court's decision under an abuse of discretion

standard. *See United States v. Bocra*, 623 F.2d 281, 285-86 (3d Cir. 1980) ("In order to

overturn an in camera inspection, the defendant must show that the district court abused

its discretion in denying access to requested materials.").

We detect no abuse here. Contrary to the assertion that Roland is entitled to

access to the full contents of the report, courts must engage in a balancing test, weighing

"the Government's need for preserving confidentiality over the materials" with "the

defendant's constitutional right to evidence material to his defense." *Id.* at 285. In this case, the District Court reviewed the report in camera and determined that redactions were appropriate based on a lack of relevance. There is no support for finding that the District Court abused its discretion in redacting the report.

### C. Pre-Trial Identification (Point VI)

Roland argues that the District Court erred by denying his motion to suppress the pre-trial identifications by Officers Bernard and Moore. "We review the District Court's decision for abuse of discretion, applying clear error review to its underlying factual findings and plenary review to its conclusions drawn from such facts." *United States v. Mathis*, 264 F.3d 321, 331 (3d Cir. 2001).

Roland relies on *United States v. Wade*, 388 U.S. 218 (1967), to argue that pre-trial identifications by Officers Bernard and Moore were the product of an inherently suggestive process. (*See* Appellant Reply Br. 25.) Roland further argues that a court must review the totality of the circumstances to determine whether there was a substantial likelihood of misidentification. (Appellant Br. 45 (citing *Neil v. Biggers*, 409 U.S. 188, 190 (1972)).) According to Roland, the totality of the circumstances — including the poor visibility on the night of February 12, 2007 — would mandate the suppression of the identifications. We disagree.

As we previously held, *Neil* instructs courts to determine "(1) whether the identification process was unduly suggestive and, if so, (2) whether the totality of the

9

circumstances nonetheless renders the identification reliable." *Thomas v. Varner*, 428 F.3d 491, 503 (3d Cir. 2005). The District Court here had already found that the identification procedure was not impermissibly suggestive. (*See* App. 444 (finding that Roland "failed to carry [his] burden in demonstrating that the identification procedure was unnecessarily or impermissibly suggestive").) Therefore, the District Court did not need to engage in the "totality of the circumstances" analysis. *See United States v. Stevens*, 935 F.2d 1380, 1389 (3d Cir. 1991). Our review of the trial court record also confirms that the pre-trial identifications were not suggestive. Accordingly, we find that the District Court did not err by denying Roland's motion to suppress the pre-trial identifications.

### D. Double Jeopardy (Point VIII)

Appellant contends that the District Court erred by denying Roland's motion to dismiss based on a violation of the Double Jeopardy Clause. We exercise plenary review over legal questions concerning Double Jeopardy challenges. *See United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006).

The Fifth Amendment to the Constitution of the United States provides that "[n]o person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The Amendment was designed to "protect[] against both successive prosecutions and successive punishments for the same criminal offense." *Dep't of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 800 (1994).

Prosecution by the federal government for the same act that the state prosecution addressed does not, by itself, represent a violation of the Fifth Amendment. Under the dual sovereignty doctrine, successive prosecutions are barred "only if the two offenses for which the defendant is prosecuted are the 'same' for double jeopardy purposes." *Heath v. Alabama*, 474 U.S. 82, 87 (1985). *See also United States v. Lanza*, 260 U.S. 377, 382 (1922) ("[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.").

Appellant argues that this case falls into the narrow exception articulated in *Bartkus v. People of State of Ill.*, 359 U.S. 121 (1959) (*See* Appellant Br. 56.) In *Bartkus,* the Supreme Court alluded to the possibility that dual federal and state prosecutions might run afoul of the general rule affirming such prosecutions if one authority was acting as a surrogate for the other, or if the state prosecution was merely "a sham and a cover for a federal prosecution . . . ." *Bartkus*, 359 U.S. at 123-24. Recognizing *Bartkus*, this Court has ruled that the dual sovereignty doctrine could not save a successive federal prosecution where it is merely a sham and a cover for another state prosecution. *United States v. Berry*, 164 F.3d 844, 846-47 (3d Cir. 1999).

The present case does not warrant the application of the *Bartkus* exception. *Berry* is instructive here. That case involved a cooperative program between the U.S. Attorney's office and the Philadelphia District Attorney's office. *See Berry*, 164 F.3d at 845. This Court rejected the argument that the state prosecution was merely a "sham and a cover" for the federal prosecution, reasoning that cooperation between federal and state

11

authorities was "sanctioned by the Supreme Court," and that federal prosecution was based on "facts implicating valid federal interests . . . ." *Id.* at 847. The federal government here had a distinct interest in ensuring that felons do not illegally possess firearms. (Appellee Br. 43-44.) The overlap in the use of evidence by the state and federal government, along with other circumstantial evidence presented by Roland, do not muster sufficient support to show that one sovereign dominated or manipulated the other. Therefore, we find that the District Court did not err by denying Roland's motion to dismiss on double jeopardy grounds.

### E. Pre-Indictment Delay (Point IX)

Appellant next contends that the District Court erred by denying his motion to dismiss for pre-indictment delay. We review for clear error. *United States v Ismaili*, 828 F.2d 153, 169 (3d Cir. 1987); *United States v. Otto*, 742 F.2d 104 (3d Cir. 1984).

Although the statute of limitations provides the defendants with primary guarantee against the bringing of overly stale criminal charges, the Due Process Clause also affords protection against "[o]ppressive pre-indictment delay within the applicable limitations period . . . ." *Ismaili*, 828 F.2d at 167. The sanction for violation of this right is dismissal, and this requires that the defendant prove two essential facts: "(1) that the government intentionally delayed bringing the indictment in order to gain some advantage over him and that (2) this intentional delay caused the defendant actual prejudice." *Id*.

Appellant raises a number of arguments, none of which persuades us that the

government intentionally delayed bringing the indictment. Roland's position is that the government waited four and a half years to indict him, which correlates to the time when he was "about to be released from state prison . . . ." (Appellant Br. 63.) Roland claims that this delay "gave the government a massive tactical advantage." (*Id.* at 63-64.) For instance, Roland contends that he would have "rejected the agreement if federal charges for illegal weapon possession were pending against him at the time of his plea, or if he knew that his plea would be used against him in a subsequent federal prosecution for the same alleged conduct." (*Id.* at 63.) We do not find such circumstantial evidence and counterfactual hypotheticals sufficient to show intent. This is particularly true since the Appellant bears the burden of demonstrating intentional delay. *See Ismaili*, 828 F.2d at 168.

In addition to Roland's failure to prove intentional delay, he has also failed to demonstrate prejudice. Roland contends that he lost the opportunity to cross-examine Rockafeller, but the government did not introduce Rockafeller's photo array identification at trial, and speculations about Rockafeller's testimony — which could have been favorable or unfavorable — is not sufficient to constitute actual prejudice. As this Court has held, "[t]he mere possibility of prejudice inherent in any extended delay, or the mere possibility that a witness might become inaccessible and evidence be lost, is not sufficient." *Ismaili*, 828 F.2d at 168. Accordingly, we find that the District Court did not err by denying Appellant's motion to dismiss for pre-indictment delay.

**F. Application of a Cross-Reference to the Sentencing Guideline (Point X)**

Appellant contends that the District Court erred in calculating the Federal

Sentencing Guidelines ("Guidelines") range. We review *de novo* a district court's

interpretation of the Guidelines, but for clear error where the district court determined

whether the facts fit within what the Guidelines prescribe. *See United States v. Richards*,

674 F.3d 215, 218-20 (3d Cir. 2012).

Appellant contends a cross-referenced offense may be applied only if the

government demonstrates its applicability by a preponderance of the evidence. Roland's

argument rests on the theory that state prosecutors could not establish a prima facie case

of attempted murder, and that — relying on *United States v. Davis*, 679 F.3d 177 (4th Cir.

2012) — the attempted murder charge could not be sustained against him under New

Jersey law. (*See* Appellant Br. 65-67.) We are not persuaded by Appellant's arguments.

Roland's reliance on state proceedings is unconvincing, given that the Guidelines

apply even if the offense was not charged and no conviction was obtained. *See United*

*States v. Watts*, 519 U.S. 148, 156 (1997). *See also* U.S.S.G. § 1B1.3, comment.,

backg'd ("Conduct that is not formally charged or is not an element of the offense of

conviction may enter into the determination of the applicable guideline sentencing

range."). Roland's reliance on *Davis* is also inapposite, given that the District Court here

focused on Roland's conduct instead of relying on Roland's conviction in state court. *Cf.*

*Davis*, 679 F.3d at 182 ("A sentencing court may apply [a Sentencing Guidelines] cross-

reference . . . to conduct amounting to a violation of state law." (internal quotation marks

omitted)). Therefore, we find that the District Court did not err in calculating the

Guidelines range.

### G. Variance from Sentencing Guideline (Point XI)

Appellant argues that the District Court erred by not exercising its discretion to vary from the Guidelines. We review a district court's sentencing decision for reasonableness under an abuse of discretion standard. *See United States v. Tomko*, 562 F.3d 558, 566 (3d Cir. 2009).

Roland principally relies on *Koon v. United States*, 518 U.S. 81, 114 (1996) to argue that the District Court should have exercised its discretion to vary from the guidelines. (Appellant Br. 70-71.) In *Koon*, the Supreme Court found that "the District Court did not abuse its discretion in determining that a 'federal conviction following a state acquittal based on the same underlying conduct . . . significantly burden[ed] the defendants.'" *Koon*, 518 U.S. at 112 (internal quotation marks and citation omitted). Roland argues that the delay by the federal government in bringing the suit precluded him from serving state and federal sentence concurrently, making the sentence "five years longer than the maximum sentence under 18 U.S.C. § 922(g)." (Appellant Br. 70.) We are not persuaded.

The holding of *Koon* was that a sentencing court had discretion, not an obligation, to depart from the Guidelines. *See Koon*, 518 U.S. at 97-99. *See also United States v. Stabile*, 633 F.3d 219, 247 (3d Cir. 2011) (holding that the District Court was "entitled" but not "required" to depart from the Guidelines). The District Court here carefully

15

considered the 18 U.S.C. § 3553(a) factors and exercised its discretion in determining that no variance was warranted. This Court once again recognizes that the District Court has an institutional advantage over appellate courts in making these sorts of determinations, *Tomko*, 562 F.3d at 566, and we detect no abuse of discretion here.

### H. Post-Trial Motions (Point XII)

Appellant argues that the District Court erred by denying his post-trial motions for judgment of acquittal and new trial. This Court reviews the District Court's orders for abuse of discretion. *See United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008).

In reviewing a ruling pursuant to Rule 29 motion, this Court engages in a "'highly deferential' review . . . view[ing] the evidence in the light most favorable to the government as the verdict winner and then determin[ing] whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *United States v. Sussman*, 709 F.3d 155, 162 (3d Cir. 2013). Appellant has not met this burden, for there is sufficient evidence from which a reasonable jury could find guilt beyond a reasonable doubt. *See Mussare*, 405 F.3d at 166 (holding that reversal is appropriate only when there is "no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt").

For similar reasons, the District Court properly denied Appellant's Rule 33 Motion. Under Rule 33, a district court may "grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Motions for new trials are granted "sparingly and only in

16

exceptional cases." *Gov't of the V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987).  The facts in this case do not warrant the application of such a drastic rule.  Accordingly, we find that the District Court did not abuse its discretion by denying Appellant's post-trial motions.

## I. Cumulative Errors (Point XIII)

Finally, Appellant argues that the cumulative effect of the alleged errors warrant a reversal of his conviction.  Because this claim was not preserved, we review for plain error.  *See United States v. Olano*, 507 U.S. 725, 732 (1993) (holding that appeals courts should not exercise that discretion unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." (internal quotation marks omitted)).

"Individual errors that do not entitle a petitioner to relief may do so when combined, if cumulatively the prejudice resulting from them undermined the fundamental fairness of his trial and denied him his constitutional right to due process." *Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008).  Reversal is warranted only when "the[ ] errors, when combined, so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *United States v. Hill*, 976 F.2d 132, 145 (3d Cir. 1992).

Appellant contends that the present case constitutes "a collection of essential flaws which rendered the trial below unfair and prejudicial to Mr. Roland."  (Appellant Br. 75.) We are not persuaded.  Our own review of the record has found no support for the conclusion that the trial was tainted with error warranting a reversal of his conviction.

The alleged errors, therefore, could not have had a substantial influence on the outcome of the trial. Accordingly, we conclude that Roland has not demonstrated plain error to warrant a reversal of the District Court's order.

## *IV. Conclusion*

For the foregoing reasons, we will affirm the judgment of the District Court.